## CUMMINGS, Appellant, v. BROWN et al.

### Division One, May 25, 1904.

1. **TAX DEED: Prima Facie Case: How Overcome.** The sheriff's deed in a tax proceeding is evidence of the truth of the recitals therein contained, and of itself makes a prima facie case of the right of the purchaser at the execution sale to recover the land in ejectment. To overcome that prima facie showing the defendant in the tax proceeding, or his assigns, have the right to introduce the whole record in that proceeding, and if upon an inspection of that record the judgment is found to be invalid the sheriff's deed founded on it carries no title.

2. **RETURN: When Due: Validity.** The sheriff may execute a writ as soon as it is placed in his hands, but he has no right to return it not executed until the return day named in the writ.

3. ————: ————: ————: **Presumption of Date of Return.** Where the writ was returnable on the second Monday of September, and the sheriff returned it not executed on June 22d, there being no memorandum of the clerk showing when it was filed in his office, the law will not presume tha tthe sheriff did his duty and kept the writ in his possession seeking to execute it until the return day.

4. **SERVICE OF PROCESS: Non Est Return: Publication.** Where the suit is begun in the ordinary way, to-wit, by filing the petition and the issuing of a writ for personal service of the summons upon the defendant, and there is a return by the sheriff that the defendant can not be found, an order of publication can not be issued by the clerk in vacation. It can then be made by the court only, and not by the court until it is satisfied that a process can not be served. The statute in such case requires a judicial investigation and the finding of a fact, which fact is the foundation of the order of publication.

5. **ORDERS: How Shown.** An order of the court can be proven only by the court's record.

Appeal from Greene Circuit Court.—*Hon. Jas. T. Neville,* Judge.

AFFIRMED.

*W. D. Tatlow* for appellant.

(1)  It has been expressly held by the court that where there is 'no indorsement upon the writ of summons or in the return to show when it was lodged with the clerk, the law will presume that it was not filed before the return day.  Mark v. Hardy, 86 Mo. 233; Guerney v. Moore, 131 Mo. 664.  (2)  If the return could have been amended, it is certainly not void in collateral attack.  This is the settled doctrine in this State.  Hardin v. Lee, 51 Mo. 241; State ex rel. v. Ross, 122 Mo. 471; Burnett v. McCluey, 92 Mo. 230.  The facts being sufficient to justify an amendment, the return should not be held void in this collateral proceeding. (3)  It is an elementary rule of law that, until the contrary is shown, a public officer is presumed to do his duty.  There being no showing to the contrary, the trial court should have presumed that the officer retained the writ until the return day thereof, and endeavored to serve defendant Wilson, and that Wilson could not be found in said county, and especially should this presumption be indulged in this case, where it stands admitted that Wilson was not in the county and could not be served.  McAllister v. Ross, 155 Mo. 94; State ex rel. v. Master, 103 Mo. 508; City to use, etc., v. Farrow, 106 Mo. 437;  State v. Loyd, 118 Mo. 1; Mitchner v. Holmes, 117 Mo. 185; Leonard v. Sparks, 117 Mo. 103; Owen v. Baker, 101 Mo. 113.  (4)  Every presumption is in favor of the validity of the judgment of a court of general jurisdiction in a collateral attack and such a judgment can be held void only where it affirmatively appears from the record that the court had no jurisdiction.  This presumption is as strong in tax cases as in other cases, as has been repeatedly held by this court. Stevenson v. Black, 168 Mo. 549; Jones v. Driskill, 94 Mo. 190; Allen v. Ray, 96 Mo. 542; Gibbs v. Southern, 116 Mo. 204.  (5)  The order of publication is not rendered invalid because at the time of making it the

judge did not make a minute thereof on his docket; nor because the clerk's minute was in fact made on the docket of tax cases, instead of upon the clerk's minute book. The record of the order imports absolute verity, and can not be assailed for the lack of such vouchers. Jones v. Hart, 60 Mo. 352; Gibbs v. Southern, 116 Mo. 204; State ex rel. v. Henderson, 164 Mo. 359.

*Wright Bros. & Blair* for respondents.

(1) Strict compliance in all cases is required when constructive service is substituted for actual service. Constructive service is in derogation of the common law. Tooker v. Leake, 146 Mo. 430; State ex rel. v. Horine, 63 Mo. App. 6. (2) Upon a proper *non est* return it is the duty of the court and not of the clerk to make the order of publication. R. S. 1899, sec. 577; Tooker v. Leake, 146 Mo. 434. (3) Constructive service is not favored by the law, and against it all presumptions are indulged. State ex rel. v. Field, 107 Mo. 445. (4) The elements in an order of publication are substantial requirements and not formal matters. Otis v. Epperson, 88 Mo. 135. (5) An order of publication must be made at the regular return term of the writ. R. S. 1899, sec. 577; Schell v. Leland, 45 Mo. 293. (6) There can be no such question in this cause as collateral attack. The court had no jurisdiction to make the order of publication, and if no jurisdiction, then the proceedings were void, and if void they can be attacked in any manner. Williams v. Munroe, 125 Mo. 585; Schell v. Leland, 45 Mo. 289. (7) The return of the sheriff in the tax suit, if any return was made, was made on the twenty-second day of June, 1899, although the return term was the second Monday in September, 1899, and is therefore void. (8) The sheriff made his return, if any was made, on June 22, 1899. Writs of this character, like executions, can not be returned before the return day. There is no evidence that the writ was ever

filed with the clerk. There is no presumption in favor of its filing. Filing with the clerk is necessary. State ex rel. v. Melton, 8 Mo. 419.

VALLIANT, J.—Plaintiff sues in ejectment for the possession of a lot in the city of Springfield. At the trial it was admitted that the title to the lot was held in defendant Walter L. Wilson on May 6, 1896; that defendants were in possession when the suit was brought and so continued, and that the rental value of the property was eight dollars a month. Plaintiff introduced in evidence a deed from the sheriff of Greene county to her dated November 14, 1900. The deed recited that on August 16, 1900, a judgment was rendered in the circuit court of the county in favor of the State of Missouri at the relation of the collector of revenue of the county against the defendant, Walter L. Wilson, for $16.95 for delinquent taxes on the lot in question for the year 1896, and costs, and that it was decreed that the State had a lien on the lot for the taxes and costs which should be foreclosed; that special execution issued on the judgment, under which execution, after due advertisement of sale, the lot was sold at auction, and plaintiff became the purchaser at the price of $25 and the deed was made accordingly. The deed was duly acknowledged and recorded.

That was the plaintiff's evidence in chief.

Defendants produced in evidence the whole record in the tax suit in which the judgment was rendered, from which the following was shown:

The summons was issued May 11, 1899, directed to the sheriff of Greene county commanding him to summon Walter L. Wilson to appear before the court on the second Monday in September, 1899, to answer the suit. The following is the return of the sheriff: "Executed the within writ in Greene county, Missouri, on the twenty-second day of June, 1899, by after making search and enquiry, am unable to find the within named

defendant, Walter L. Wilson, in Greene county, Mo."—
signed by the sheriff.

On what was called the clerk's docket was shown
this memorandum:

"State of Missouri ex rel. to the use of
    Henry Trevathan,
            vs.                    No. 28,716.
Walter L. Wilson, 2—8—1900; order
    Pub. to Leader-Democrat."

On February 8, 1900, a publication was made in the
newspaper named, in the form of an order of publica-
tion as if made by the court, reciting the return of the
sheriff and basing the order on that return only, notify-
ing the defendant Wilson that the suit was filed and
warning him to appear at the May term, 1900, to answer
the same. The publication was made in proper time
and proof thereof filed; the defendant failed to appear
and judgment as recited in the sheriff's deed was ren-
dered against him by default. It was admitted that dur-
ing the period covered by the record the defendant Wil-
son was a resident of Pulaski county.

The plaintiff asked instructions to the effect that
the proceedings in the tax suit and the sheriff's deed
emanating therefrom were regular and conveyed the
title to the plaintiff; that though the sheriff's return on
the summons bears date prior to the return day com-
manded in the writ, yet that is immaterial, since there
is nothing to show that the sheriff did not hold the writ
until the return day, and it will be presumed that he
did his duty, and that the court found as a fact that the
defendant could not be served with process, and that
plaintiff was entitled to recover. The court refused
those instructions and plaintiff excepted. There was a
finding and judgment for the defendants, from which
the plaintiff appeals.

The sheriff's deed being evidence of the truth of
its recitals made a prima facie showing of plaintiff's

right to recover (R. S. 1899, sec. 3210), but to overcome that prima facie showing the defendants had the right to introduce the whole record in the case, which they did. If upon an inspection of the whole record the judgment is found to be invalid, the sheriff's deed founded on it carries no title.

The law requires that a summons be made returnable to the first day of the next term, but if it be served on the defendant within fifteen days of the term he shall not be required to appear before the next term after the return time. [R. S. 1899, secs. 567, 568.] The officer may execute the writ as soon as it is placed in his hands, but he has no right to return it not executed until the return day. From the time it comes into his hands to the day of the return named in the writ it is his duty to use reasonable diligence to serve it; a return not executed before the return day is an illegal return. [Dillon v. Rash, 27 Mo. 243; Marks v. Hardy, 86 Mo. 232.]

In this instance the writ was returnable the second Monday in September, 1899, but the sheriff returned it not executed June 22, 1899. Appellant contends that since there is no memorandum of the clerk showing when it was filed in his office we ought to presume that the sheriff did his duty and kept it in his possession seeking to execute it until the return day. We do not think the sheriff is entitled to that presumption in the face of his return which indicates that he had done with it all that he intended to do on June 22. The return was not sufficient to show that the sheriff had done his duty in reference to the writ.

We have two sections in our statutes directing how orders of publication may be made to give constructive notice of a suit to a defendant who is a non-resident or who can not be served with a summons. [R. S. 1899, secs. 575 and 577.] Section 9303 requires that suits for the collection of taxes shall take the same course as to process and notice as prescribed in ordinary civil suits.

Section 575 declares that in suits of the kind therein mentioned, when it is stated in the petition or in an affidavit filed in the case, that the defendant is a non-resident or a foreign corporation or can not be served in the manner prescribed for serving ordinary process, the court or the clerk in vacation may make an order of publication, which, when it is published and the proof of the publication filed, shall be constructive notice to the defendant. By the terms of that section an order of publication may be made by the clerk if the court is in vacation. The order of publication authorized in that section does not require any judicial investigation or determination; it is founded on the averment in the petition or the statement in the affidavit as to the non-residence or other prescribed condition rendering the defendant non-accessible. The order is based not on the ascertainment of the fact that defendant is non-resident or non-accessible, but on the fact that it is so stated in the petition or in the affidavit. But when we come to section 577 the requirement is different: "When, in any of the cases contained in section 575, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants can not be found, the court, being first satisfied that process can not be served, shall make an order as is required in said section." We first observe that under section 577, unlike section 575, the order of publication can be made by the court only, it can not be made by the clerk; second, it can be made by the court only after it has become satisfied that process can not be served. There is a judicial investigation required and the finding of a fact, which fact is an essential foundation of the order. And preliminary to the judicial investigation there must be the return of the sheriff on the summons that the defendant can not be found. The court may be satisfied of the fact from the sheriff's return, but is not confined to that. An order of publication reciting that, whereas the sheriff has returned the

summons saying that the defendant can not be found, therefore it is ordered by the court that publication be made, would not satisfy the requirements of that section, but in addition thereto it must show that the court has become satisfied that the process can not be served. [Tooker v. Leake, 146 Mo. 419.]

In this case there was no such averment in the petition as is required in section 575 and no such affidavit filed as therein required, therefore this order of publication was not authorized by that section.

It is claimed, however, to be authorized under section 577. But it can not be sustained under that section, because, first, there was no valid return of the summons that the defendant could not be found; second, it does not appear that the court became satisfied that the defendant could not be served with process; and, third, the court did not make the order of publication.

An order of the court can be proven only by the court's record. But in this instance the record of the court shows no such order. The only authority for the publication is a brief memorandum by the clerk on his own docket, the whole of which besides the style of the case is contained in these figures and words: "2—8—1900. Ord. Pub. to Leader-Democrat."

Our conclusion is that there was no service, either actual or constructive, on the defendant in the tax suit, and the judgment of default against him is void, and the sheriff's deed to the plaintiff conveyed no title. This is the view taken of the case by the learned trial court, and its judgment is affirmed.

All concur, except *Robinson, J.,* absent.