# KELLY et al. v. MURDAGH, Appellant.

## Division One, November 23, 1904.

1. **PROCESS: Constructive Notice.** Where reliance is rested on a judgment obtained on constructive notice, it must be shown that the notice was given in strict compliance with the statute.

2. ———: ———: **Judgment and Order.** The order of publication of the court or of the clerk in vacation must follow the terms prescribed by the statute; and the order published must be the order made by the court or by the clerk in vacation, not some other order of similar character.

3. ———: ———: ———: **Non-Resident.** A publication addressed to residents who cannot be found by the sheriff, is not a publication addressed to non-resident, and the one can not be substituted for the other.

4. ———: ———: ———: ———: **This Case.** The petition in a tax suit stated that the defendants were non-residents of the State. No summons issued, but on the filing of the petition there was an order of publication made by the court reciting that it appearing to the court that the defendants "can not be found in the city of St. Louis, and the court being satisfied that the ordinary process of law can not be served upon them, it is ordered by the court that the said defendants be notified by publication,' etc. The proof of publication showed what purported to be a copy of the order of the court, but it recited that "it appearing to the court from the petition filed in this cause that the defendants are non-residents of the State of Missouri," etc. *Held,* that the order published not being the order made by the court, and there being no order of the court based on a finding that the defendants were non-residents, there was no sufficient process, and the judgment was void. *Held,* also, that the judgment is not helped by the fact that the court could have made an order and finding in conformity to the petition and then the process would have been regular, for the validity of judgments is to be determined by what the court *did* and not by what it might have done.

5. ———: ———: ———: **Authority of Court.** A court has no authority on the filing of a petition alleging that the defendants are non-residents, to make an order of publication based on a finding by the court that the defendants can not be found. Nor is the judgment rendered in pursuance to such an order

helped by the fact that on the face of the petition the court could or should have made an order of publication against the defendants as non-residents, for the validity of judgments is to be determined by what the court did and not by what it might have done.

6. **ORDERS: Entry by Employee: Erasure.** The petition recited that the defendants were non-residents, and the finding of the court was that they could not be found in the county, and ordered publication and an employee in the clerk's office wrote in the record book what on its face purported to be an order of publication addressed to the defendants as non-residents, based on the statement in the petition that they were non-residents, but the deputy clerk, who had official charge of the book, erased the employee's entry by drawing his pen through it, and entered the order in conformity to the court's finding. *Held,* that the repudiated entry made by the employee could not stand as the order of the court, but that made by the deputy was the official entry.

Appeal from St. Louis City Circuit Court.—*Hon. Horatio D. Wood,* Judge.

AFFIRMED.

*S. T. G. Smith* for appellant.

A tax deed is not required to show on its face for what delinquent taxes the land was sold, the amount of taxes and the years for which the taxes were due. Allen v. McCabe, 93 Mo. 138. No particular form of deed is required under tax sales and a common law conveyance stating the power under which the sheriff acts is sufficient. R. S. 1899, sec. 9305; Allen v. McCabe, 93 Mo. 138; State ex rel. v. Mantz, 62 Mo. 258. All that is required in deeds sold under tax judgments is a recital of the parties to the execution, the date when issued, the date of the judgment or decree, the description of the property, and the time, place and manner of sale. Hall v. Klepzig, 99 Mo. 83; Wilhite v. Wilhite, 53 Mo. 71. The power under which a sheriff sells property under a judgment in a tax suit is the judgment, special execution, levy and the advertisement. Wilhite

v. Wilhite, 53 Mo. 71; Wellshear v. Hilley, 69 Mo. 343. A sheriff's deed made to property sold under execution issued upon a judgment in a tax suit which properly recites the judgment, special execution and advertisement and conveys by apt words of conveyance, is sufficient. R. S. 1899, sec. 9305; Hall v. Depzig, 99 Mo. 83; Wilhite v. Wilhite, 53 Mo. 71.

*Finkelnburg, Nagel & Kirby* for respondents.

(1) Although the statute governing the sales of land for delinquent taxes does not prescribe any form of deed nor require any recitals to be made, yet the deed must show upon its face the power under which it is made, and the absence of appropriate recitals to this effect renders the deed void. Guffey v. Reiley, 88 Mo. 418; Moore v. Harris, 91 Mo. 616; Bender v. Dungan, 99 Mo. 129; Burden v. Taylor, 124 Mo. 12; Blackwell on Tax Titles (5 Ed.), sec. 771; Black on Tax Titles (2 Ed.), sec. 396. (2) A tax deed executed under our present statute (sec. 9305 et seq., R. S. 1899), which fails to show that the land is sold for delinquent taxes and the amount of such taxes, does not properly show the authority under which the sheriff assumed to act, and is void. Guffey v. Reiley, 88 Mo. 418. (3) Where the sole ground for publication is the non-residence of defendants, an order of publication reciting that defendants "cannot be found," is void and confers no jurisdiction. Harness v. Cravens, 126 Mo. 233; Tooker v. Leake, 146 Mo. 418; Winningham v. Trueblood, 149 Mo. 656. (4) The record of the order of publication can under no circumstances be aided, altered or explained by parol evidence, and not in a collateral proceeding by any evidence *dehors* the record itself. Bank v. Suman, 79 Mo. 527; Mobley v. Nave, 67 Mo. 546; Ainge v. Corby, 70 Mo. 257. (5) The record cannot be amended except by proper application in the same suit by a party to the record in such suit. Runnels v.

Kaylor, 95 Ind. 503; Clark v. Digges, 5 Gill (Md.) 109; 17 Enc. Pl. & Pr., pp. 926, 928.

VALLIANT, J.—This is a suit under the statute to quiet title to real estate. The judgment was for the plaintiffs, decreeing that the title to the land was well vested in them in fee simple and that defendants had no interest in it, from which judgment defendant Murdagh appealed.

It is conceded by appellant that the title is in the plaintiffs and the decree is right unless the title passed by virtue of a certain deed by the sheriff made to Meng as purchaser at a sale under special execution of a judgment *in rem* for taxes against this land. Appellant Murdagh holds by subsequent conveyances whatever title Meng acquired under that deed.

The record in the tax suit was in evidence at the trial and showed as follows:

The petition stated that the defendants were the owners of the land and were non-residents of the State. No summons issued, but upon the filing of the petition there was an order of publication made by the court reciting that it appearing to the court that the defendants "cannot be found in the city of St. Louis and the court being satisfied that the ordinary process of law cannot be served upon them, it is ordered by the court that the said defendants be notified," etc., by publication. The proof of publication showed what purported to be a copy of the order of the court, but it recited that "it appearing to the court from the petition filed in this cause that the defendants (naming them) are non-residents of the State of Missouri and that the court being satisfied that the ordinary process of law cannot be served upon them it is ordered," etc. The defendants not appearing, a default was entered against them and in due time a final judgment *in rem* was rendered condemning the land to be sold for taxes, special execution issued, under which the sheriff sold the land and Meng

became the purchaser. The first question that arises is, was that a valid judgment? There was no summons and no appearance, the notice, if notice at all, was constructive. Where reliance is rested on a judgment obtained on constructive notice, it must be shown that the notice was given in strict compliance with the statute, the order of the court or the clerk in vacation must appear to have been based on the base prescribed by the statute and not on some other base, and the order published must be the order made by the court or the clerk in vacation, not some other order of similar character.

This order of publication does not sustain the test. A publication addressed to residents who cannot be found by the sheriff is not a publication addressed to non-residents, and the one cannot be substituted for the other.

The authority to make an order of publication addressed to a non-resident is based on a different condition or state of case from that to make an order addressed to a resident who cannot be found. [Secs. 575, 576, 577, R. S. 1899.] These statutes are fully construed and explained in Harness v. Cravens, 126 Mo. 233; Tooker v. Leake, 146 Mo. 419; Winningham v. Trueblood, 149 Mo. 572; Cummings v. Brown, 181 Mo. 711. The court in the case in question had no authority to make the order it did make based on the alleged finding that the defendants could not be found, for such an order could only be made after summons had been issued and returned by the sheriff that he could not find the defendants; the sheriff's return might or might not have been satisfactory evidence to .the court that the defendants could not be found, but it was necessary before the court could go into .the investigation.

It does not help the judgment in this tax suit to say that on the face of the petition the court could or should have made an order of publication against the defendants as non-residents, because we are to judge

the case, not by what the court should have done, but by what it in fact did. And it makes no difference that the order which the newspaper actually published was the order which the court ought to have made, because the newspaper could not take the place of the court, or correct its errors.

The order of publication was not made in conformity to the statute, therefore the notice as published gave the court no jurisdiction of the defendants, and the judgment founded on it is void. But it was shown in the evidence at the trial that before this order of publication, above discussed, was entered in the record book of the court, an employee in the clerk's office, who, however, was not a deputy clerk, in the absence of the clerk and of the deputy clerk whose duty it was to record the court's order, wrote in the record book what on the face of the writing purported to be an order of publication, addressed to defendants as non-residents, based on the statement in the petition that they were non-residents. It was a copy of this supposed order that was published in the newspaper. But the evidence also showed that shortly after this supposed order was so written in the record book, on the same day, as soon as the deputy clerk who had official charge of the book came into the office, he looked at the entry that had been made and immediately erased it by drawing with his pen through it and afterwards on the same day wrote the order above discussed, based on the finding by the court that the defendants could not be found, and that was the final record of the matter in the case.

The employee who wrote the order that was erased had no authority to do so. He was in the habit, as the evidence showed, of writing orders in the book under the direction of the deputy clerk; and therefore any order that he might write by direction of the deputy would be the act of the deputy done by the hand of the employee, and if the employee should assume to make an entry, as he did in this instance, in the absence and

without the direction of the deputy, the deputy on seeing it might adopt it as his own and it would also become the act of the deputy done by the hand of the employee. But to say that the employee in the absence of the official could enter in the record what purported to be an order of the court which as soon as the official discovered he disapproved and erased and wrote another order in its place and that the unauthorized entry must stand as the order of the court, would be to put the court's records in danger. It would not help the unofficial entry to say that it is more in accord with what the court should have ordered and probably did order than the entry made by the officer, because the act of the court is not shown by showing what it should have done or probably did and it is not shown by parol evidence, but it is shown by the official record saying what in fact the court did. The unofficial erased entry is of no effect.

There is another question discussed in the briefs, which is of the sufficiency of the sheriff's deed, but as the judgment under which the execution issued was invalid, it is unnecessary for us to pursue the subject further.

The judgment is affirmed.

All concur, except *Robinson, J.*, absent.