HENRY KUNZI et al., Appellants, v. BETTIE HICKMAN.

Division One, May 31, 1912.

1. **SUMMONS: Order of Publication.** Where constructive service is resorted to, strict compliance with the statute governing it must be observed.

2. ————: ————: **Affidavit: Sufficiency.** A separate affidavit made to support a petition for divorce, alleging non-residence of defendant, is not sufficient to authorize an order of publication if (1) it fails to state in what court the case is pending

Kunzi v. Hickman.

and the time when defendant should appear and defend, or (2) if it fails to state briefly the object and general nature of the petition; and an affidavit stating that "now comes plaintiff . . . and in aid of her petition for divorce, on her oath says that the said . . . is a non-resident of the State . . . and prays that an order of publication be issued against him, notifying him of the beginning of this suit, the object and general nature thereof, by the clerk," does not state the object and general nature of the petition.

3. ————: ————: **Affidavit of Non-Residence: Publication of Desertion.** Where the affidavit charges that defendant in the divorce suit is a non-resident, an order of publication in no wise referring to his non-residence, but reciting that defendant has deserted the plaintiff and' has absented himself from his usual place of abode in this State, so that, etc., is void, and a publication thereof constitutes no service at all, and the judgment decreeing divorce made in pursuance thereof is also void, for want of jurisdiction.

4. ————: ————: **Void Judgment in Divorce: Collateral Attack.** While it is a general rule of law that the courts will presume, in a collateral proceeding, that a court of general jurisdiction properly acquired jurisdiction over the parties to the cause adjudicated by it, nevertheless that presumption must yield to a positive showing that the court in fact did not acquire jurisdiction; and recitals of service of process contained in the judgment must be construed in connection with the whole record, and may be shown to be untrue and be overthrown by other recitals in other record matters of equal dignity and importing equal verity, and besides a recital in a judgment that defendant was duly summoned by publication refers to the service shown by other portions of the record; and those portions that may be used to impeach the judgment and to show the court had no jurisdiction are the affidavit charging non-residence, the order of publication and the publication itself; and such judgment may be collaterally attacked. So that the heirs of an intestate decedent, in their suit to quiet title, may show that a marriage of defendant with decedent was bigamous and void by showing that she had formerly been married and had sued her husband for divorce, and that the affidavit alleging non-residence and the order of publication were void, and in consequence thereof the court obtained no jurisdiction over her husband and the judgment of divorce was therefore void.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett*, Judge.

REVERSED AND REMANDED (*with directions*).

*J. W. Delventhal,* and *E. Rosenberger* for appellants.

(1)   A divorce proceeding is a proceeding in rem. Anderson v. Anderson, 54 Mo. App. 268; Hedrix v. Hedrix, 103 Mo. App. 40.   (2)   Strict compliance with the statute is required when constructive service is substituted for actual service.   Burge v. Burge, 94 Mo. App. 15; Myers v. McRay, 114 Mo. 377; Harness v. Cravens, 126 Mo. 247; Tooker v. Leake, 146 Mo. 431; Turner v. Gregory, 151 Mo. 100; Parker v. Barton, 172 Mo. 85; Cummings v. Brown, 181 Mo. 711; Kelley v. Murdagh, 184 Mo. 381; Hinkle v. Lovelace, 204 Mo. 208.   (3)   The statute has not been strictly complied with and the alleged divorce decree of Hickman v. Hickman is void and a nullity because: (a) The original petition contained no affidavit upon which an order of publication could be based, but a writ of summons was issued directed to the sheriff of Warren county, which was returned *non est* before the return day by the sheriff of Callaway county; and no order for an *alias* writ or for an order of publication was made at the October term, 1903, as should have been done.   (b) The affidavit of Bettie Hickman filed in vacation on February 19, 1904, alleging non-residence of Jesse Hickman was fatally defective and a nullity, because filed without authority of law and because the affidavit failed to state in what court or where any divorce proceeding was pending.   (c) The publication in the case of Hickman v. Hickman spread on the record evidently ignores the affidavit filed February 19, 1904, for it recites that it is based on the petition and affidavit filed October 13, 1903.   (d)   If the order of publication as spread on the record is based upon the affidavit filed February 19, 1904, the order of publication is void and is a nullity, because the order of publication recites that defendant has deserted this plaintiff and the defendant has absented himself from his usual place of

abode in the State so that the ordinary process of law cannot be served upon him, whereas the affidavit filed February 19, 1904, recites that the said Jesse Hickman is a non-resident of the State of Missouri and that the ordinary process of law cannot be served upon him. (e) The constructive service had upon defendant Hickman by the publication published in the newspaper was null and void because the order of publication spread upon the record recites that defendant has deserted this plaintiff and the defendant has absented himself from his usual place of abode in the State so that the ordinary process of law cannot be served upon him, whereas the order of publication as published in the newspaper recited that defendant has deserted this plaintiff from his usual place of abode in this State so that the ordinary process of law cannot be served upon him. (f) The alleged judgment in the divorce case of Hickman v. Hickman is void because the same fails to affirmatively show that the court ever acquired jurisdiction over the defendant in this: Said judgment fails to show that the order of publication was published for four weeks successively and published at least once a week, the last insertion being at least fifteen days before the commencement of the term at which the defendant was required to appear. Laws 1901, p. 85.

*John W. Booth* and *Jesse H. Schaper* for respondent.

(1) As to the matters essential to the validity of an order of publication made in vacation by a clerk of a court of general jurisdiction to bring in a non-resident defendant in a case in which a proper allegation or affidavit of non-residence has been filed, respondent here makes the point that nothing more is essential than is expressed in the opinion of the court in the case of Charley v. Kelley, 120 Mo. 134, to-wit: "The statute only requires that the court in which the suit is brought, or in vacation the clerk thereof, shall make

and order directed to the non-residents . . . notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, . . . and requiring such defendant or defendants to appear on a day to be named therein, and answer the petition, or that the petition will be taken as confessed. And, further, the order as made and published meets substantially every requirement of the statute. It was not necessary that the record should contain a recital that the order was made by the clerk or that it was made upon the authority of an affidavit.'' Charley v. Kelley, 120 Mo. 141, 142; R. S. 1909, sec. 1770. (2) Error of the clerk in misreciting in the order of publication facts relating to his authority to make the order will not be sufficient to render the publication, and the judgment based thereon void, when on the whole record, the legal presumptions in favor of the jurisdiction of a court of general jurisdiction are inconsistent with such misrecital, and consistent with the legal presumption of jurisdiction. Adams v. Cowles, 95 Mo. 501; Randall v. Snyder, 214 Mo. 23. (3) If an order of publication is directed to the proper party by his proper name, and states the matters of fact which the statute requires in such an order, and the proof of the publication is submitted to the court, and the court finds that the defendant has been duly and legally brought into court by such publication, a judgment rendered upon such publication cannot be attacked in a collateral proceeding for mere irregularities of the clerk in making the order. McDermott v. Gray, 198 Mo. 282; Charley v. Kelley, 120 Mo. 142; Kane v. McCown, 55 Mo. 199. (4) A judgment rendered by a court of general jurisdiction cannot be collaterally impeached merely because the record is silent as to the acquisition of jurisdiction. Such a judgment is equally conclusive as against collateral attack whether the record recites, or fails to recite, how jurisdiction was acquired. McClanahan v. West,

100 Mo. 320; State ex rel. v. Broaddus, 216 Mo. 345; Adams v. Cowles, 95 Mo. 509.

WOODSON, J.—This is a suit to quiet title and ejectment for the possession of certain real estate situate in Warren county.

A trial was had on the first count before the court, which resulted in a finding and judgment for the plaintiff, but upon motion for a new trial, the judgment was set aside and a new trial granted. From the order granting the new trial the plaintiff duly appealed to this court.

The facts are few and undisputed, and as follows:

The plaintiffs, Henry Kunzi, Pauline Krousbein, Adele Hickman, Annie Buscher, Charles Kunzi and Bernhard Kunzi were the children and are the heirs at law of William Kunzi, deceased, who died intestate October 16, 1906, seized and possessed of the real estate described in the petition.

The defendant, Bettie Hickman, *alias* Bettie Kunzi, is the alleged widow of William Kunzi, deceased, and the alleged stepmother of the plaintiffs.

The question for determination involves the defendant's right to dower and homestead in the lands in controversy, and that depends upon the validity of the decree of divorce granted at the April term, 1904, of the circuit court of Warren county, divorcing defendant, Bettie Hickman, from Jesse Hickman, her former husband.

The plaintiffs contend that said decree of divorce was a nullity, and that the alleged marriage of the defendant to William Kunzi was bigamous and void. The converse of this proposition is contended for by the defendant.

From this it is seen that the only and controlling question presented for determination is, whether the defendant was legally divorced from her former husband, Jesse Hickman, to whom, it is admitted, she was

lawfully married on September 2, 1900, in Callaway county.

The facts regarding the divorce proceedings, as disclosed by the record are as follows:

On October 13, 1903, defendant, under the name of Bettie Hickman, instituted an action for a divorce in the circuit court for Warren county against one Jesse Hickman. The petition contained the statutory affidavit required in divorce cases but neither the petition nor the affidavit stated any reasons for the issuance of an order of publication. On the date that said petition was filed, to-wit, on October 13, 1903, a summons was issued by Robert N. Chiles clerk of the circuit court for Warren county, Missouri, directed to the sheriff of Warren county, commanding him to summon Jesse Hickman to appear on the fourth Monday in October, 1903, to answer the petition of Bettie Hickman, etc. No service was had by any sheriff on said summons, but on the back thereof appears the following sheriff's return:

"Executed the within writ in the county of Callaway State of Missouri on the 16th day of October, 1903. Jesse Hickman not found in my county. James E. Moore, sheriff Callaway county, Missouri.

"P. S. His folks think he is in Iowa or North Dakota."

The judge's docket of the Warren Circuit Court at the October term, 1903, fourth day, October term, under head of return cases contains the following entry and no other concerning the case of Hickman v. Hickman:

"Judge's docket of the Warren County Circuit Court at the October term 1903. Fourth day, October term. Return cases. Attorneys for plaintiff, C. E. Peers; attorneys for the defendant (no one marked); names of parties in action, Bettie Hickman, plaintiff, versus Jessie Hickman, defendant. Cause of action,

divorce. Services had or order made at last term, *non est* return on summons.''

No orders of any kind were made at the October term, 1903, in said cause. No *alias* writ was ordered for the defendant, nor was any showing made to authorize the issuance of an order of publication. No appearance was made by anyone for the defendant, nor did he appear.

On February 19, 1904, there was filed by and with Robert N. Chiles, clerk, an affidavit for an order of publication reading as follows, to-wit:

State of Missouri, County of Warren.

Now, at this day comes Bettie Hickman, plaintiff in the matter of Bettie Hickman v. Jesse Hickman, and in aid of her petition for divorce, on her oath says, that the said Jesse Hickman is to the best of her knowledge and belief, a non-resident of the State of Missouri, and that the ordinary process of law cannot be served upon him, the said Jesse Hickman, and prays that an order of publication be issued against him, the said Jesse, notifying him of the beginning of this suit, the object and general nature thereof, by the clerk in vacation.

(Signed)    BETTIE HICKMAN.

Sworn to before me this 19th day of February, 1904, at my office in Warrenton, Mo.

(Seal)    F. A. ORDERHEIDE,
Notary Public.

My commission expires Feb. 24, 1907.

Upon this alleged affidavit for an order of publication the clerk spread upon his record the following order of publication as appears by circuit court record book ''K'' at page ''496.''

In the Circuit Court for Warren County, Missouri, Spring Term, 1904. Bettie Hickman, Plaintiff, v. Jesse Hickman, Defendant (Divorce).

Now, here on this 13th day of October, 1903, comes the plaintiff by her attorney before the undersigned circuit clerk and files her petition verified by affidavit alleging among other things, that defendant had deserted this plaintiff and the defendant has absented himself from his usual place of abode in the State so that the ordinary process of law cannot be served upon him.

It is therefore ordered by the clerk in vacation that said defendant be notified by publication of the commencement of this suit, the object and general nature of which is to obtain a judgment or decree of the circuit court, annulling the bonds of matrimony contracted between plaintiff and defendant as in said petition alleged, and that unless he be and appear at the next term of the circuit court of Warren county, Missouri, to be begun and held in the city of Warrenton, in said county and State, on the third Monday in April, 1904, and on or before the first day of said term, answer to, demur or otherwise plead to plaintiff's petition, the allegations therein contained will be taken as confessed and judgment will be rendered against him in accordance with the prayer of said petition.

It is further ordered that a copy hereof be published in the Warrenton Herald, a weekly newspaper printed and published in Warren county, Missouri, for four weeks successively, the last insertion to be at least fifteen days before the next term of said court.

ROBERT N. CHILES, Clerk.

If proof and return of the publication of the order of publication was ever made by the publisher of the Warrenton Herald, it had disappeared from the files when this cause was tried, and no record of it could be found. But plaintiffs introduced in evidence a copy of the Warrenton Herald, in which said order of publication was published, and a perusal of it will show that it is not a true and correct copy of the order of publication which was spread upon the record and that there are variances between the order of publication as spread upon the record and as published. The order of publication as published in the Warrenton Herald reads as follows:

ORDER OF PUBLICATION.

In the Circuit Court for Warren County, Mo., Spring Term, 1904. Bettie Hickman, Plaintiff, v. Jesse Hickman, Defendant (Divorce).

Now, here on this the 13th day of October, 1903, comes the plaintiff by her attorney, before the undersigned circuit clerk and files her petition verified by affidavit, alleging among other things that defendant has deserted this plaintiff from his usual place of abode in this State so that the ordinary process of law cannot be served upon him.

It is therefore ordered by the clerk in vacation that said defendant be notified by publication of the commencement of this suit, the object and general nature of which is to obtain a judgment or decree of the circuit court annulling the bonds of matrimony contracted between plaintiff and defendant as in said petition alleged and that unless he be and appear at the next term of the circuit court of Warren county, Mo., to be begun and held in the city of Warrenton, in said county and State, on the third Monday in April, 1904, and on or before the first day of said term answer to, demur or otherwise plead to plaintiff's petition, the allegations therein contained will be taken as confessed and judgment will be rendered against him in accordance with the prayer of said petition.

It is further ordered that a copy hereof be published in the "Warrenton Herald," a weekly newspaper printed and published in Warren county, Missouri, for four weeks successively, the last insertion to be at least fifteen days before the next term of said court.

ROBERT N. CHILES, Clerk.

State of Missouri, County of Warren, ss.

I, Robert N. Chiles, clerk of the circuit court within and for said county, hereby certify the above and foregoing to be a true copy of the proceedings of our said circuit court on the day and year above written as the same appears of record in my office.

In testimony whereof I have hereunto set my hand and affixed my seal of said court at my office in Warrenton, Mo., this the 19th day of February, 1904.

(Seal)                    ROBERT N. CHILES,
                          Clerk of the Circuit Court.


Neither the order of pubication as published in the Warrenton Herald, nor the order of publication as spread upon the records in record book "K" at page "496," follows the affidavit filed by Bettie Hickman on February 19, 1904, because said affidavit predicates the prayer for an order of publication upon the fact that the defendant, Jesse Hickman, is a non-resident of the State of Missouri.

At the April term, 1904, and on the 4th day thereof, an alleged divorce was procured by defendant herein, the record entry thereof appearing in book "K" at page "531" and reading as follows:

Kunzi v. Hickman.

DIVORCE.

"Bettie Hickman, Plaintiff, v. Jesse Hickman, Defendant.

Now here at this day this cause comes on to be heard, the plaintiff appears in person and by C. E. Peers, her attorney, and the defendant being three times called comes not but makes default. It appearing to the court that the defendant was duly summoned by publication thirty days before the first day of this term, as per the affidavit of the publisher of the Warrenton Herald, now here filed and duly certified, and it further appearing that the plaintiff is the wronged and injured party and that she is a woman of good, moral character, it is therefore ordered by the court and is now adjudged and decreed that the bonds of matrimony heretofore contracted between plaintiff and defendant be annulled, set aside and for naught held, and that the plaintiff be and she is now restored to her maiden name of Bettie Qualls.

It is further ordered that the costs of this proceeding be taxed against the defendant and that execution issue therefor.

The defendant did not appear at any stage of the proceedings, either in person or by attorney.

Thereafter defendant, under the name of Qualls and on the 14th day of September, 1904, in the county of Warren and State of Missouri, married William Kunzi.

The testimony showed that at the time of her alleged marriage with Kunzi her husband, Hickman, was still living, and that Hickman was also living after the death of Kunzi, and at the time this case was tried.

It is conceded that there was no personal service had upon Jesse Hickman, the defendant in the proceeding for divorce, instituted in the circuit court of Warren county, by Bettie Hickman his wife, the defendant in this case and the only service that is now contended that was had upon him was by publication, and that was had in the manner previously stated.

It is elementary, that where constructive service is resorted to, strict compliance with the statute governing the same must be observed. [Myers v. McRay, 114

243 Sup.—8

Mo. 377; Cummings v. Brown, 181 Mo. 711; Kelley v. Murdagh, 184 Mo. 381; Hinkle v. Lovelace, 204 Mo. 208.]

The question here presented is, does the service before mentioned measure up to the rule just announced? This question requires a consideration of the statute of the State, and the facts of the service as disclosed by this record.

That statute was section 575, Revised Statutes 1899, and is now section 1770, Revised Statutes 1909.

It reads as follows:

"Sec. 1770. In suits in partition, divorce, attachment, suits for the foreclosure of mortgages and deeds of trust, and for the enforcement of mechanics' liens and all other liens against either real or personal property, and in all actions at law or in equity, which have for their immediate object the enforcement or establishment of any lawful right, claim or demand to or against any real or personal property within the jurisdiction of the court, if the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are non-residents of the State, or is a corporation of another State, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the non-residents or absentees, notifying them of the commencement of the suit, and stating briefly the object and general nature of the petition, and, in suits in partition, describing the property sought to be partitioned, and requiring such defendant or defendants to appear on a day to be named therein and answer the petition, or that the

petition will be taken as confessed. If in any case there shall not be sufficient time to make publication to the first term, the order shall be made returnable to the next term thereafter, that will allow sufficient time for such publication.''

By reading this section 1770 it will be observed that in divorce suits, where the defendant is a non-resident, the plaintiff must in the petition, or in an affidavit subsequently filed in the case, allege that the defendant is a non-resident of the State; and upon filing the petition or affidavit stating that fact, the statute then imposes upon the court or clerk thereof in vacation, to make an order directed to the non-resident defendant, notifying him of the commencement of the suit and stating briefly the object and general nature of the petition. Subsequent statutes provide for the publication of the order, which, however, are not involved here.

Now let us examine the facts and see if this statute was complied with in the divorce suit of Hickman v. Hickman.

It is conceded that the petition for divorce, filed in the circuit court of Warren county, by Bettie Hickman v. Jesse Hickman, contained no allegation of non-residence of the defendant or of any other grounds authorized by the statute for the issuance of an order of publication.

The record does show. however, that the clerk of said court did on October 13, 1903, issue a summons for the defendant in said case, directed to the sheriff of Warren county, but in so far as the record shows it was never delivered to the sheriff of that county, but was delivered to the sheriff of Callaway county, who returned it ''not found in my county'' with the added words, ''P. S. His folks think he is in Iowa or North Dakota.''

No *alias* writ was ordered for the defendant, nor was any other order or proceeding made or had in the

case until February 19, 1904, when the plaintiff filed in the cause her affidavit of the non-residence of the defendant, heretofore copied in the statement of the case.

Conceding, without deciding, that said affidavit was, under the circumstances, properly filed, nevertheless, in our opinion it is fatally defective because it failed to state in what court the case was pending, where the defendant should appear or the time when the defendant should appear and defend the cause.

Said statute also requires that the affidavit shall state briefly the object and general nature of the petition.

The only reference made to the petition in the affidavit for the order of publication is found in these words: "Now at this day comes Bettie Hickman, the plaintiff in the matter of Bettie Hickman v. Jesse Hickman, and in aid of her petition for divorce on her oath says," that he is a non-resident, etc., . . . and that "the object and general nature thereof, by the clerk in vacation."

This language cannot be tortured into meaning that the plaintiff therein had brought a suit for divorce against the defendant in the circuit court of Warren county, or that she attempted to state therein "the object and general nature of the petition," as required by the statute. From the language used in the last sentence of the affidavit, just quoted, she must have had some such idea in her mind, but after using the words "the object and general nature thereof," she broke off the sentence and left it incomplete, by using the words, "by the clerk in vacation." There is no sense in either of said expressions when read separately, nor in the two when read together as one, as she used them in the affidavit. At any rate, it does not state the object and nature of the suit.

By reading the publication in the case of Hickman v. Hickman, heretofore set out, it will be seen that it

does not purport to be based upon the affidavit filed in the cause on February 19, 1904, but completely ignores the same, and is predicated upon the petition filed in the case of October 13, 1903, which contained no allegation of non-residence of the defendant, or other ground warranting the making or issuance of an order of publication for him. But if it should be conceded that the order of publication was based upon the affidavit filed February 19, 1904, nevertheless, it is void, for the reason that the order of publication recited *that the defendant has deserted the plaintiff and has absented himself from his usual place of abode in this State, so that the ordinary process of law cannot be served upon him,* whereas said affidavit recites that the defendant, Jesse Hickman, *was a non-resident of the State,* and for that reason the ordinary process of law could not be served upon him.

Moreover, the constructive service had upon the defendant in that case was defective in this, the notice actually published in the newspaper recited that the "defendant has deserted this plaintiff from his usual place of abode, in this State, so that the ordinary process of law cannot be served upon him," whereas, as previously stated, the order made and spread upon the record recites "that defendant has deserted this plaintiff and the defendant has absented himself from his usual place of abode in the State so that the ordinary process of law cannot be served upon him."

This service is not only not in strict compliance with the statute, as we have repeatedly held it must be, in order to be valid, but it is no service at all, since the statute was not complied with in scarcely a single particular.

Counsel for respondents do not contend seriously, if we correctly understand them, that this service was good, but rely upon the general presumption of law that proper service will be presumed, whenever the

judgment of a court of general jurisdiction is assailed collaterally, as here.

While it is a general rule of law that the courts will presume, in a collateral proceeding, that a court of general jurisdiction properly acquired jurisdiction over the parties to the proceedings therein, nevertheless that presumption must yield and give way under the positive evidence disclosed by the record therein, showing that no service whatever was had upon them. Or in other words, the recitals of jurisdiction or of service of process contained in the judgment must be construed in connection with the whole record, and may be overthrown by other recitals in the record of equal dignity and importing equal verity showing that the former recitals are untrue. [Cloud v. Inhabitants of Pierce City, 86 Mo. 357; Stark v. Kirchgraber, 186 Mo. 633, 1. c. 647; Feurt v. Castor, 174 Mo. 289, 1. c. 303 and 305.]

It is also held in the former case that when service is recited in the judgment, that recital refers to the service shown by other portions of the record.

If we apply this rule to the case of Hickman v. Hickman, then the general recital of jurisdiction or service found or implied in the judgment therein must refer to the order of publication and the publication made in that case, which was wholly defective, and void for the reasons before stated.

We are therefore, of the opinion that said decree of divorce divorcing Bettie Hickman from Jesse Hickman was absolutely null and void, and consequently that the marriage of the former to William Kunzi was bigamous and void.

The finding and judgment of the circuit court for the plaintiffs in the case at bar was proper, and the order thereof setting aside the judgment and sustaining the motion for a new trial therein was erroneous.

We, therefore, reverse the judgment and remand the cause to the circuit court with directions to reinstate the judgment for the plaintiffs theretofore entered for them.

All concur. *Graves, P. J.,* and *Lamm, J.,* in result.