HARRIETT DAVISON, Appellant, v. THEODORE ARNE, MYRTLE FARNHAM GOLDIE LUNDSTROM, PEARL SCHWARTZ and ROBERT SUTHERLAND. —155 S. W. (2d) 155.

Division One, October 30, 1941.

*R. A. Pearson* for appellant.

*A. H. Garner* for respondent.

792

HYDE, C.—This is an action in equity to set aside a tax sale of real estate in the City of Joplin, to declare void the sheriff's deed issued thereunder in 1937, and to adjudge title in plaintiff. Defendant Arne (grantee in the tax sale deed) answered claiming title and seeking the affirmative relief of adjudging fee simple title in him. The court entered judgment declaring title to be in defendant Arne, and plaintiff has appealed.

The record owner of the property was George L. Jones, who had died intestate prior to the institution of the tax suit in 1933. His widow Minnie Jones lived in the property until she died in 1936, after the tax judgment was entered. George L. Jones left four surviving children and two grandchildren who were descendants of deceased children. Plaintiff, who had no interest at the time of the tax sale, obtained deeds from two of the surviving children before bringing this suit in 1939; and thereafter from the first two of the four named defendants herein. (Other than Arne.) The tax suit was brought against Minnie Jones and the unknown heirs, etc., of George L. Jones.

Plaintiff's claim is that the judgment in the tax proceeding, and deed thereunder, is absolutely void and a nullity. Plaintiff's petition stated six grounds for this claim, namely:

1. The heirs of George L. Jones (the last record owner) could have been ascertained upon inquiry of their mother who occupied the property; two of them lived in Joplin.

2. One of the heirs was a minor and no guardian *ad litem* was appointed.

3. The affidavit for publication was not made and signed by the collector, or anyone else.

4. The publication was insufficient because it was addressed only to unknown defendants instead of to nonresident unknown defendants.

5. The suit was not tried at the return term of any writ and was continued without cause before order of publication.

6. The sale price was inadequate. ($31 for $1000 property.)

Grounds 1 and 2 have been abandoned by not referring to them in either the assignments of error or points and authorities. [Clay v. Owen, 338 Mo. 1061, 93 S. W. (2d) 914; Homan v. Mo. Pac.

R. Co., 334 Mo. 61, 64 S. W. (2d) 617.] (It is to be noted that defendants Schwartz and Sutherland did not answer in either the tax suit or in this suit.) Likewise there were no such grounds set out in the motion for new trial. [As to necessary parties under procedure in effect at the time this suit was commenced, see Section 9953, R. S. 1929, 12 Mo. Stat. Ann. 7995.] Therefore, the effect of the proceedings as to any minor defendant is not before us for decision, since plaintiff does not claim to have acquired the interest of any such defendant. As to ground No. 4, we do not see how anyone could make an allegation or affidavit concerning the residence of persons who are unknown and we cannot find any basis for any such construction of this statute. [Sec. 897, R. S. 1939, sec. 745, Mo. Stat. Ann. 967.] As to ground No. 5 see State ex rel. and to Use of Bair v. Producers Gravel Co., 341 Mo. 1106, 111 S. W. (2d) 521.

Defendant's contention (meaning Arne) is that plaintiff cannot maintain this action because she was not a party to the tax suit. This contention is based on Sections 1249 and 1267, R. S. 1939. [Secs. 1083 and 1101, Mo. Stat. Ann., pp. 1382 and 1396.] Ewart v. Peniston, 233 Mo. 695, 136 S. W. 422, and similar cases are also cited. However, the discussion in such cases, and the statutes cited, relate only to setting aside a judgment by motion or petition for review. That is not this case. This is a new, separate, and independent action in equity to cancel defendant's tax deed on the ground that it, and the judgment on which it is based, is a nullity and absolutely void. It alleges that this deed is "a cloud on the title" and asks a decree of cancellation to remove it. Such a suit can be maintained by any subsequent grantee to perfect his title, because a void judgment binds no one, and it, as well as a deed based on it, may be collaterally attacked. [Hankins v. Smarr, 345 Mo. 973, 137 S. W. (2d) 499; see also Krahenbuhl v. Clay, 346 Mo. 111, 139 S. W. (2d) 970; Hartmann v. Owens, 293 Mo. 508, 240 S. W. 113.] We hold that plaintiff was a proper party to bring such an action.

Concerning plaintiff's ground No. 3 (failure to make proper affidavit for valid service by publication), the petition in the tax suit alleged plaintiff's belief that there were persons interested "whose names he cannot insert because they are unknown," and described such claims to be interests derived "as consorts, heirs, devisees, donees, alienees or immediate, mesne or remote voluntary or involuntary grantees of the said George L. Jones, deceased." The affidavit verifying the petition was, as follows:

"State of Missouri, County of Jasper, ss.

"Frank W. Bair, collector of the revenue, being duly sworn, declares that the facts stated in the foregoing petition are true and correct according to his best knowledge and belief.

"(by, rubber stamp, stencil print) Frank W. Bair,
"Collector, Jasper County, Missouri.

"(signed)  By Geo. W. Crocker,
"D. C.

"Subscribed and sworn to before me this 18th day of March, 1933.
"(signed)  Geo. E. Masters,
"Clerk, Circuit Court, Jasper Co., Mo."

Section 897, R. S. 1939 (Sec. 745, Mo. Stat. Ann. 967) provides for service upon unknown parties by publication when the required allegations describing the claims of unknown persons are stated in plaintiff's petition, and "verified by the affidavit of himself or his agent or attorney." The affidavit in this case, although stating it was to be made by the collector, shows on its face that his name was signed thereto by some other person, purporting to sign for him and not for himself, and who was not shown to have himself been sworn or to have made or intended to make the oath. This appearance is corroborated by the testimony of the Deputy Collector. We cannot hold that this is a compliance with this statutory requirement of an affidavit. [See Hargadine v. Van Horn, 72 Mo. 370; Robertson v. Robertson, 270 Mo. 137, 192 S. W. 988; State v. Privitt, 327 Mo. 1194, 39 S. W. (2d) 755; Elsea v. Bass, 229 Mo. App. 250, 77 S. W. (2d) 164.] Strict compliance with statutory provisions for constructive service is necessary to meet the requirements of due process, and to give the court authority to enter a valid judgment. [Harness v. Cravens, 126 Mo. 233, 28 S. W. 971; Kelly v. Murdagh, 184 Mo. 377, 83 S. W. 437; Kunzi v. Hickman, 243 Mo. 103, 147 S. W. 1002; Johns v. Hargrove & Ruth Lbr. Co. (Mo.), 219 S. W. 967; Dent v. Investors' Security Assn., 300 Mo. 552, 254 S. W. 1080; Haake v. Union Bank & Trust Co. (Mo. App.), 54 S. W. (2d) 459.] We must hold that there was a failure to fulfill this essential requirement, of verification by affidavit, for an order of publication in this case.

Plaintiff relied not only on the ground of legal title (because of void judgment) but stated an equitable ground (of inadequate consideration) for setting aside the sale; and plaintiff offered to do equity. Plaintiff's petition stated: . "Plaintiff tenders and offers to pay to defendant all taxes paid by said defendant on said property together with interest at the legal rate from the dates of such payments, as soon as the amount thereof shall be ascertained or as the court may find, adjudge and decree." Therefore, defendant would be entitled to an equitable lien for the subsequent taxes paid. [Lustenberger v. Hutchinson, 343 Mo. 51, 119 S. W. (2d) 921.] The matter of value, if any, of improvements and equitable lien therefor, is left for the court on retrial.

The judgment is reversed and the cause remanded. *Bradley* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.