JOHN McMENAMY INVESTMENT & REAL ES-
TATE COMPANY, Respondent, v. STILLWELL
CATERING COMPANY, Appellant.

St. Louis Court of Appeals, June 24, 1913.

1. **APPELLATE PRACTICE: Questions Reviewable: Questions not Raised Below.** Under Sec. 2081, R. S. 1909, only those questions are to be considered on appeal that were duly raised and presented in the trial court; and hence where a defendant appeared specially in the trial court for the purpose of moving to quash the summons and the officer's return, and, these motions being overruled, declined to plead and a default judgment was rendered against it, the appellate court, on appeal from such judgment, is confined to a consideration and determination of the questions raised and presented by such motions. *Held*, by ALLEN, J., dissenting, that the rule that the appellate court is confined to the consideration and determination of the questions that were raised and presented in the trial court, is not applicable in this case, since the quesions presented pertain to the jurisdiction of the trial court over the defendant, which may be raised at any stage of the proceedings.

2. **PROCESS: Defects: Amendments.** Under Sec. 1848, R. S. 1909, a defect in a summons served on the president of a domestic corporation by an officer of another State, arising from the fact that the summons was directed to a sheriff of this State, instead of to the officer of such other State, may be corrected in the trial court, before final judgment; and, under Sec. 1851, such defect may be corrected in the trial court, after final judgment. [ALLEN, J., dissents.]

3. **APPELLATE PRACTICE: Process: Defects: Statute of Jeofails.** Under Secs. 1851 and 2119, R. S. 1909, the defect in a summons, in an action against a domestic corporation, which was served on its president in another State, arising from the fact that it was directed to a sheriff of this State, instead of to the officer of such other State, as required by Sec. 1766, will be disregarded, on appeal by defendant from a judgment for plaintiff, where the defect was not called to the attention of the trial court by defendant. *Held*, by ALLEN, J., dissenting, that Secs. 1848, 1850, 1851 and 2119 are not applicable where the court had no jurisdiction to render the judgment apealed from. *Held, further*, that if Sec. 1766 could be taken to authorize constructive service (which evidently it cannot), rigid compliance with its

terms would be necessary to confer jurisdiction; and hence, even if the statute is applicable, the judgment rendered would be void, in view of the fact that the statute provides that the summons shall be "directed to the sheriff of . . . any other State, where the president . . . may reside or be found."

4. **CORPORATIONS: Process: Services in Another State.** The provision of Sec. 1766, R. S. 1909, providing for the obtention of service of process on a domestic corporation, by service on its president in another State, that the writ is to be directed to the officer who serves it, is not mandatory, in the sense that failure to so direct it would render it void. [ALLEN, J., dissents.]

5. ———: ———: ———: **Statute.** Where a domestic corporation has no business office in the county in which an action by attachment is brought against it, and its president or chief officer cannot be found therein, the service of the summons on its president in another State, in which he resides or shall be found, is sufficient, under Sec. 1766, R. S. 1909, to give the court jurisdiction to render a judgment on the merits and award execution against the property attached.

*Held*, by ALLEN, J., dissenting, that Sec. 1766 has no reference to constructive service in attachment suits, which is provided for by Secs. 1770 and 1778; *held*, *further*, that, in so far as Sec. 1766 purports to authorize the rendition of a personal judgment upon extraterritorial service, it is void; and hence it is *held*, that where a domestic corporation had no business office in the county in which an action by attachment was brought against it, and its president or chief officer could not be found therein, and no effort was made to obtain constructive service upon it, pursuant to Secs. 1770 and 1778, the service of the summons on its president in another State did not give the court jurisdiction to render a judgment on the merits and sustaining the attachment.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

AFFIRMED. CAUSE CERTIFIED TO SUPREME COURT.

*Geo. W. Lubke* and *Geo. W. Lubke, Jr.*, for appellant.

A defendant corporation can be brought into court only in the manner and form prescribed by the

statute. Horn v. Railroad, 88 Mo. App. 469; State ex
rel. v. Myers, 126 Mo. App. 544. The statute must be
strictly followed in all its particulars. Railroad v.
Hoereth, 144 Mo. 136; Hoen v. Railroad, 64 Mo. 506.

*F. A. & L. A. Wind, F. X. Geraghty* and *F. A. C.
MacManus* for respondent.

(1) The provision ordering such summons to be
directed to the sheriff of the county and State where
president may be found is directory only, not manda-
tory. Court v. Sparks, 10 Mo. 119; State v. Churchill,
41 Mo. 41; State v. Pitts, 58 Mo. 556; Hall v. Schoen-
ecke, 128 Mo. 669. (2) No exception was taken in
trial court to the fact that the summons was directed
to the sheriff of the city of St. Louis and served by
the sheriff of Los Angeles. Therefore no such excep-
tion can be heard here without violation of Sec. 2081,
R. S. 1909. Had such objection been made the writ
could readily have been amended in circuit court.
Moss v. Thompson, 17 Mo. 405; Carr v. Youse, 39 Mo.
346; Sec. 1851, R. S. 1909.

REYNOLDS, P. J.—This is an action begun in
the circuit court against the Stillwell Catering Com-
pany, a corporation alleged to have been organized
and existing under the laws of the State of Missouri,
and against one Charles H. Stillwell, to recover rent
alleged to be due on a lease executed between the cor-
poration and Stillwell, lessees and individual lessors,
to recover thirty-two months' rent for certain
premises in the city of St. Louis. The lease was sub-
sequently assigned to plaintiff, who brought the action,
suing out an attachment in aid. Summons issued
directly to the sheriff of the city of St. Louis who
made return that neither the individual defendant nor
the Catering Company could be found in the city of
St. Louis and further executed it by levying on the

unexpired term of the lease and garnishing certain parties, subtenants of defendant. Whereupon alias summons issued, directed to the sheriff of the city of St. Louis, but this summons appears to have come into the hands of a deputy sheriff of the county of Los Angeles, California. This officer made return of service upon the president of the defendant company and also upon the individual defendant. The return is sworn to and the official character of the officer is attested under the seal of the court by the clerk of the county court and *ex officio* clerk of the Superior Court of the county of Los Angeles, California, who certified that the officer serving the writ "was at the date aforesaid and now is a deputy sheriff" of the county and duly authorized to serve process in the county and that he is an officer of the court.

The individual defendant, Stillwell, appeared and filed a certified copy of his adjudication in bankruptcy and thereupon the cause was dismissed as to him. The defendant corporation entered its appearance solely for the purpose of the motion and for no other purpose, and moved the court to quash the summons and the affidavit of service thereon on Mr. Stillwell as the president of the defendant corporation, on the ground "that it appears from the petition in this cause that this defendant is a corporation under the laws of the State of Missouri and that under the laws of the State of Missouri this defendant cannot be served with summons without the State of Missouri, but must be served within said State of Missouri." This motion was overruled, the defendant corporation excepting. The corporation defendant not appearing to the cause nor pleading, the cause was submitted to the court, evidence heard and judgment by default, both on the attachment and on the merits, entered against the defendant corporation. Thereafter and within due time the defendant corporation, still confining its ap-

pearance for the purpose of making the motion, moved the court to set aside this judgment on the ground that the court was without jurisdiction to render it against the defendant because defendant had never been summoned in the cause, and because the court erred in overruling the motion theretofore made by that defendant to quash the summons issued against the corporation and the return thereon. This motion was overruled, exception duly saved and appeal duly perfected by the corporation defendant, without bond, however.

The learned counsel for appellant have presented several grounds in this court why this judgment should be reversed. The only ground, however, that we can notice is the action of the court in overruling the motion to quash the summons and its return, and the only matter before us for consideration is the ground stated in that motion why this should be done. We have heretofore set that out verbatim. We repeat that this is the only point that we can notice in this court because it has been settled by numerous decisions of the Supreme Court and of the appellate courts, that only those questions are to be considered in the appellate court that have been duly raised and presented in the trial court. The statute itself (Sec. 2081, R. S. 1909) so expressly provides. All inquiry as to the grounds of the attachment and as to the cause of action are foreclosed on this appeal, and we are confined solely and entirely to the consideration of the proposition presented by the motion to quash. This must be so, for appellant has very carefully refrained from a general appearance in the case, limiting its appearance both in the motion to quash and in the motion that was afterwards filed to set aside the order overruling that motion.

There are two points made against the summons. First, that it should have been directed to the sheriff

of the county in which it was served, and, second, being a Missouri corporation, defendant can have no residence outside of the State of Missouri and cannot be reached by process outside of this State, even granting that it has no office or place of business or property within this State.

The first proposition as to the misdirection of the summons to the sheriff of the city of St. Louis instead of to an officer of Los Angeles county, California, is not well taken. That was a defect which, under the statute, could have been cured in the trial court, if its attention had been called to it.

Section 1848, R. S. 1909, provides that the court may, at any time before final judgment, in furtherance of justice, and on such terms as may be proper, amend any record, pleading, process, entry, return, or other proceedings, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proven.

Section 1850, Revised Statutes 1909, provides that the court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

Section 1851, Revised Statutes 1909, provides that the court may, after final judgment rendered in any cause, in furtherance of justice, and on such terms as may be just, "amend in affirmance of such judgment any record, pleading, process, entries, returns or other proceedings in such cause, by adding or striking out the name of a party, or by correcting a mistake in the name of a party, or a mistake in any other respect,

175 Mo. App. 43

or by rectifying defects or imperfections in matters of
form, and such judgment shall not be reversed or an-
nulled therefor.''

All these are matters which can be corrected in
the trial court. If parties do not choose to have the
corrections there made, and judgment goes notwith-
standing the errors, the appellate court cannot reverse
because of their presence. Section 2119, Revised Stat-
utes 1909, commonly called ''the Statute of Jeofails,''
so provides. By that section it is enacted that when
a verdict shall have been rendered in any cause, the
judgment thereon shall not be stayed, nor shall such
judgment, nor any judgment after trial or submission,
nor any judgment upon confession *nihil dicit* or upon
failure to answer, etc., be reversed, impaired or in any
way affected by reason of the following, among other
matters or things: First, for want of any writ, orig-
inal or judicial; second, for any default or defect of
process, or for misconceiving any process, or for
awarding the same to the wrong officer, or for the want
of any suggestion for awarding process, or for any in-
sufficient suggestion.

It is true that sections 1848 and 1851, supra, relate
more particularly to correction of pleadings, process,
etc., in the trial court, but sections 1850 and 2119,
supra, cover proceedings in the appellate courts.

We cite all of these sections not only as applicable
to the case at bar, but also for the purpose of empha-
sizing the fact that the whole spirit of our law is
against reversing judgments on mere technicalities
that tend in no manner to affect due and proper ad-
ministration of justice and do not go to the real merits
of a controversy. We have no disposition, in the light
of these statutory provisions and in the light of our
own conception of what amounts to due administration
of the law and promotion of justice, to narrow these
liberal provisions in any way whatever. If the mis-

prision of the clerk in directing this process to the wrong officer was an error specifically provided against by section 2119, was a matter of any importance, a vital matter, it was within the power of the defendant to have called the attention of the trial court to this error so that that court could have corrected it, and even after judgment, if attention had been called in that court to this defect, it was within the power of the court to have corrected this mere clerical error. We, as an appellate court, are forbidden by sections 1850 and 2119, supra, to reverse for or on account of any of these defects. But even in the absence of these sections, we do not consider that provision of the statute, that the writ is to be directed to the officer of the county who is to serve it, is mandatory in the sense that failure to so direct it renders the process void, and, to sustain the contention of counsel for appellant, we would so have to hold in this case.

Our Supreme Court, in a very learned opinion by Judge MACFARLANE, in the case of Hall v. Schoenecke, 128 Mo. 661, 31 S. W. 97, commencing at page 668, calling attention to a statute under consideration, observes of it that it is not by its terms mandatory. It is not to be inferred, however, says Judge MACFAR-LANE, that the enactment is to be considered absolute only when such express words are employed as to note such legislative intent. But "where the aim and purpose of the lawmaking power would be plainly defeated if the command to do the thing in a particular manner did not imply an inhibition to do it in any other, no doubt can be maintained as to the mandatory character of the statute," Judge MACFARLANE citing for this 23 Am. & Eng. Ency. of Law (1 Ed.), pp. 453, 454. While that judge further says that every section of the statute is mandatory in the sense that it should be observed, and that a willful disregard of a provision of a statute is not to be encouraged, he holds, in effect,

that a disregard of a provision of the statute does not necessarily make one a criminal or the act done void.

That the provision with regard to the officer to whom the writ is to be directed, is not to be held mandatory, is clearly apparent by the provisions of sections 1850 and 2119. The General Assembly has itself placed a negative on any such construction. We therefore hold that when section 1766 provides that a summons shall be issued, directed to the sheriff of any county in this State or any other State where the president or chief officer of the company may reside or be found, a misdirection to the sheriff of the city of St. Louis does not render the process in the hands of a foreign officer void; to the contrary, the writ is saved under the provisions of sections 1850 and 2119.

The point raised by the motion to quash, and the only point, is that this being a Missouri corporation and having no office in and not found in this State, there is no power or authority by which the courts of our State can reach it.

The learned counsel for the appellant claims that a corporation can have no legal existence out of the boundaries of the sovereignty by which it was created, citing Bank of Augusta v. Earle, 13 Peters, 519, and other cases. That proposition is not disputed but it is not germane to the decision of this case.

Section 1766 is a plain, statutory provision for service of process on corporations whose officers or place of business cannot be found in this State. It is applicable to domestic corporations; relates to domestic corporations. The return in this case is in compliance with section 1767 of the statute, the officer who served it expressing in his return on whom, how and when it was executed; his return shows that he served it on the president of this corporation; in fact in their argument, counsel for respondent admit that it was served on Mr. Stillwell, as president.

We see no reversible error in the action of the circuit court in overruling the motion to quash. As that is the only point open for our consideration, the conclusion must be that that action was correct. With its motion disposed of, the defendant corporation made default both as to the attachment and on the merits, and the circuit court very properly, after ascertaining the amount due under the lease, rendered judgment for that, awarding execution against the property attached. When the defendant corporation elected to stand on its motion and to limit its appearance for that motion, it took the risk of that following. That it, through its president, had notice of the pendency of the action is clear; Mr. Stillwell, the individual, served by the same officer under the same writ, came into court and set up his discharge; but as president, he challenged the writ and the fact of due service. Casting its fate on the correctness of that position, as it had a right to do, the corporation must accept and abide by the consequences.

The judgment of the circuit court should be affirmed. *Nortoni, J.,* concurs. *Allen, J.,* dissents and as he deems the decision herein to be contrary to the previous decision of the Supreme Court in Priest v. Capitain, 236 Mo. 446, 139 S. W. 204, and to other decisions of that court, he asks that the case be certified to the Supreme Court, which is accordingly done.

## SEPARATE CONCURRING OPINION.

NORTONI, J.—Section 1766, Revised Statutes 1909, with respect to service on such corporations as defendant, is as follows:

"When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office

of said company with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued, directed to the sheriff of any county in this State, or any other State, where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be the same as above.''

I recognize that our laws are without extraterritorial force, but here we have a defendant which is a Missouri corporation but no one within the State to receive service for it. My thought on this question is about as follows: It is clear that the defendant corporation was not in California at the time the service was made, for it remained in Missouri all of the time. As a Missouri corporation, it was obviously within the jurisdiction of the Missouri courts and its president on whom the service was had alone was absent As president of this corporation, Mr. Stillwell is not to be regarded in his individual capacity but rather he is wrapped up on the warp and the woof of the corporation here in Missouri. Though he was in California personally and as an individual, in so far as he represented the corporation, he was here in Missouri as well. In other words, he should not be permitted, through utilizing his individuality, by sojourning to California, to separate his existence from the corporation of which he was president in this State. In this view, I am of opinion that the service of the writ and a copy of the petition on Mr. Stillwell in California as president of the Missouri company related back by virtue of his relation to the corporation and constituted service on the company here.

## DISSENTING OPINION.

ALLEN, J.—I am unable to concur in the opinion herein, written by my Brother REYNOLDS, for the reasons indicated below.

The action was instituted in the circuit court of the city of St. Louis, August 30, 1910, against the appellant, Stillwell Catering Company, a corporation, and Charles H. Stillwell, to recover $12,000, alleged to be due to the plaintiff for rent under a lease of certain premises in the city of St. Louis, and the further sum of $147.91 alleged to have been expended by plaintiff in making certain repairs on the premises, which it is averred the defendants, by the terms of the lease, were obligated to make. The petition alleges that the defendant corporation, the Stillwell Catering Company, "is and at all the times mentioned in the petition was a corporation organized and existing under the laws of the State of Missouri." The following affidavit was attached to the petition:

"John McMenamy, being duly sworn, on his oath says, that he is the president of John McMenamy Investment and Real Estate Company, the plaintiff herein; that said plaintiff has a just demand against the defendant and that the amount which the affiant believes the plaintiff ought to recover after allowing all just credits and offsets is the sum of twelve thousand, one hundred and forty-seven dollars and ninety-one cents ($12,147.91), and that the defendant, Charles H. Stillwell, is a nonresident of the State of Missouri, and that the defendant, Stillwell Catering Company, is a corporation having no office in the State of Missouri, nor any officer in the State of Missouri, upon whom service of process can be had."

Upon the filing of the petition and affidavit, a writ of attachment and summons for both of the defendants was issued, directed to the sheriff of the city of St. Louis, returnable to the October term, 1910, of said

court. At the return term thereof the sheriff made a not found return as to both defendants, his return showing that he had levied the writ of attachment upon the leasehold estate of the defendants in and to certain real estate described in the return. During the same term the plaintiff sued out an alias writ of summons returnable to the February term, 1911, directed to the sheriff of the city of St. Louis.

At the return term of the alias summons, the plaintiff caused the same to be filed in court with the affidavit of a deputy sheriff of Los Angeles county, California, attached thereto, showing that said deputy sheriff had executed the same in the said county of Los Angeles, State of California, by delivering a true copy thereof, with a copy of the petition, to Charles H. Stillwell, president of the defendant Stillwell Catering Company, on the 19th day of December, 1910; the clerk of the court of which the affiant was an officer certifying to the official character of the affiant and to his authority to serve process within the last mentioned county and State.

At the February term of said court, 1911, the defendant Stillwell Catering Company, appearing for the purposes of the motion only, filed a motion to quash the alias summons, the ground of said motion being as follows:

"That it appears from the petition in this cause that this defendant is a corporation under the laws of the State of Missouri and that under the laws of the State of Missouri this defendant cannot be served with summons without the State of Missouri, but must be served within said State of Missouri."

This motion was overruled by the court, the defendant saving its exceptions to the action of the court thereupon. Thereafter the cause was dismissed by plaintiff as to the defendant, Charles H. Stillwell, and judgment by default was had against defendant, Still-

well Catering Company, sustaining the attachment and for $5948.63 against the interest of this defendant in the attached property. At the same term, and within four days after the rendition of this judgment, the defendant corporation, again appearing specially, filed a motion to set aside the judgment for the following reasons:

"1. That the court was and is without jurisdiction to render judgment against the defendant in this cause, because this defendant has never been summonsed in this cause; and

"2. Because this court erred in overruling the motion heretofore made by this defendant in this cause to quash the summons issued against this defendant and the return thereof."

This motion was overruled, and the defendant Stillwell Catering Company duly perfected its appeal to this court.

The majority opinion holds that the only ground urged for a reversal of the judgment of which we can take notice is the action of the trial court in overruling the motion to quash the alias summons and return. This is upon the ground that only those questions are to be considered in the appellate court which have been duly raised and presented in the trial court. This, in my judgment, has no application here, for the reason that the jurisdiction of the trial court to render any judgment in the cause is challenged, and the question of jurisdiction is one which may be raised in any stage of the proceeding. The jurisdiction of the lower court, attempted to be acquired by service outside of this State was raised by appellant's motion to set aside the judgment, the grounds of said motion being set out above verbatim; but regardless of this, the question of jurisdiction is open at any stage of the case, and may be raised for the first time in the appellate court, or considered by the court *sua sponte*.

I am of the opinion that the trial court acquired no jurisdiction to render a judgment affecting the rights of the defendant corporation, for the reason that no service was had upon it in the State of Missouri, nor was there compliance with the statutes authorizing either service by publication or personal service beyond the limits of the State.

Section 1770, Revised Statutes 1909, provides that in suits in partition, divorce, attachment, etc., "if the plaintiff or other persons for him shall allege in his petition or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are nonresidents of the State, or is a corporation of another State, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the nonresidents, notifying them of the commencement of the suit," etc. Section 1777 provides how such an order against nonresident, absent or unknown defendants shall be published.

Section 1778, Revised Statutes 1909, provides in part as follows:

"In any of the cases mentioned in section 1770, the plaintiff may cause a copy of the petition, with a copy of the summons, to be delivered to each defendant residing or being without this State, and at any place within the United States or their territories, twenty days before the commencement of the term at which such defendant or defendants are required to appear. . . . If the plaintiff, or his attorney of record, in any of the causes mentioned in section 1770, shall allege in his petition or at the time of filing same,

or at any time thereafter shall make the affidavit required by said section, and shall file in said cause proof of service of process on any defendant or defendants, in conformity with the provisions of this section, it shall not be necessary for such plaintiff or plaintiffs to obtain the order provided in section 1770 or to procure the publication provided in section 1777. Service of process in conformity with this section shall be as effectual within the limits of this State as personal service within this State, and judgments rendered against defendants thus served shall have the same effect and force within the limits of this State as judgments rendered against defendants personally served with summons in this State."

It will thus be seen that personal service beyond the limits of this State, in a suit of this character, is authorized by section 1778, supra, only when "the plaintiff, or his attorney of record, in any of the causes mentioned in section 1770, *shall allege in his petition or at the time of filing the same, or at any time thereafter shall make the affidavit required by said section;*" and that section (1770) provides that the plaintiff shall state in his petition or in the affidavit filed *"that part or all of the defendants are nonresidents of the State, or is a corporation of another State, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law cannot be served upon them."*

It seems clear that the plaintiff here did not comply with the aforesaid statutory provisions. Its petition avers that the appellant is a Missouri corporation. The affidavit appended to the petition states merely that the appellant *"is a corporation having no office in the State of Missouri nor any officer in the*

*State of Missouri upon whom service of process can be had."*

It is well settled that where constructive service is authorized there must be a strict compliance with the statutory requirements. It is scarcely necessary to cite cases in support of this proposition, but see Kunzi v. Hickmann, 243 Mo. l. c. 113, 147 S. W. 1002; Priest v. Capitan, 236 Mo. 447; Stanton v. Thompson, 236 Mo. 7; Hinkle v. Lovelace, 204 Mo. l. c. 220, 102 S. W. 1015; Kelly v. Murdagh, 184 Mo. 377, 83 S. W. 437; Russell v. Grant, 122 Mo. l. c. 179, 26 S. W. 958; Myers v. McRay, 114 Mo. 377, 21 S. W. 730; Hedrix v. Hedrix, 103 Mo. App. 40, 77 S. W. 495. Personal service beyond the limits of the State provided for by section 1778 has the same effect as service by publication. [See Priest v. Capitan, supra; Moss v. Fitch, 212 Mo. 484, 111 S. W. 475; Hedrix v. Hedrix, supra.] It cannot be said that there was here even a substantial compliance with the provisions of the statute authorizing such service, much less that scrupulous accuracy in complying therewith which the law requires. In such cases, unless there is a strict compliance with the statute, a judgment rendered upon constructive service is void, and is open to attack even in a collateral proceeding. [See Kunzi v. Hickmann, and Moss v. Fitch, supra.]

In this connection it must be observed that section 1778 provides that, in any of the cases mentioned in section 1770, the plaintiff may cause a copy of the petition, with a copy of the summons to be delivered to each defendant *"residing or being without this State,"* etc. A corporation of the State of Missouri necessarily cannot become a nonresident of this State. It does not follow its president when he goes beyond the limits of the State, but its domicile remains within the State of Missouri which created it. Hence, it seems clear that section 1778 does not authorize service

upon a domestic corporation by serving its president or chief officer in another State.

Regardless of what were the questions raised and presented in the trial court, if the court was without jurisdiction to render the judgment appealed from, that judgment cannot stand. For this reason the statutes referred to in the majority opinion, viz., sections 2081, 1848, 1850 and 1851, Revised Statutes 1909, are, in my judgment, without application.

Respondent takes the position however that the service upon the president of the defendant corporation, beyond the limits of this State, is authorized by section 1766, Revised Statutes 1909, which is as follows:

"When any such summons shall be issued against any incorporated company, service on the president or other chief officer of such company, or, in his absence, by leaving a copy thereof at any business office of said company with the person having charge thereof, shall be deemed a sufficient service; and if the corporation have no business office in the county where suit is brought, or if no person be found in charge thereof, and the president or chief officer cannot be found in such county, a summons shall be issued, directed to the sheriff of any county in this State, *or any other State,* where the president or chief officer of such company may reside or be found, or where any office or place of business may be kept of such company, and the service thereof shall be same as above."

This section applies to domestic corporations; service on foreign corporations being provided for by section 1760, Revised Statutes 1909. Section 1766 was amended in 1903 by adding the words "or any other State" which we have italicized above. By this amendment it was evidently intended to permit a judgment *in personam* to be rendered against a domestic corporation upon service beyond the limits of this

State; but in so far as it purports to authorize the rendition of a personal judgment upon extraterritorial service, it is utterly void. [See Moss v. Fitch, supra; Wilson v. Railroad, 108 Mo. 588, 18 S. W. 286.] This portion of the section appears to have no reference to constructive service in attachment suits or other actions *in rem,* such as are mentioned in section 1770 and referred to in section 1778, and it seems quite clear that it could have no such application. In the face of the express provisions of the two sections just referred to, it would seem that it could not well be contended that in any of the cases mentioned in section 1770, such extraterritorial service may be had upon a corporation in the absence of an allegation in the petition, or an affidavit, in conformity to section 1770; nor upon a domestic corporation which cannot be a "defendant residing or being without this State," as required by section 1778.

Such extraterritorial service is necessarily constructive service. [Priest v. Capitain; Moss v. Fitch; Hedrix v. Hedrix, supra.] So far as our courts are concerned, the person serving such writ is not recognized as an officer but as a mere individual. [See Priest v. Capitain, supra, l. c. 459.] Being constructive service, it must be governed by the express provisions of section 1778, supra, authorizing service of this character. That section authorizes such service only upon a "defendant *residing or being without this State,*" and then only when the plaintiff "*shall allege in his petition or . . . shall make the affidavit required by*" section 1770.

It may be noted also that the plaintiff did not comply with section 1766, for the alias summons served in California was not directed to the sheriff of any county in that State but to the sheriff of the city of St. Louis. If this section could be taken to authorize constructive service upon a corporation (which evi-

dently it cannot), then rigid compliance with its terms would be necessary to confer jurisdiction.

It is said that here the defendant corporation had "no office in the State of Missouri nor any officer in the State of Missouri upon whom service of process could be had;" and that under such circumstances service could be had upon the corporation only in the manner in which plaintiff attempted to reach it. But however this may be, our duty is not to make the law but to apply it. Whether, under such circumstances, constructive service by *publication* may be had, upon the petition or affidavit stating that the defendant has concealed itself so that the ordinary process of law cannot be served upon it, or has absconded or absented itself from its usual place of abode in this State, in compliance with section 1770, supra, is a matter which we are not called upon to decide.

For the reasons given above I think that the judgment of the lower court should be reversed; and as I deem the decision rendered by my associates herein to be contrary to the previous decision of the Supreme Court in Priest v. Capitain, 236 Mo. 447, 139 S. W. 204, and to other decisions of that court, I ask that the case be certified to the Supreme Court.