JOHN McMENAMY INVESTMENT & REAL ESTATE COMPANY v. STILLWELL CATERING COMPANY, Appellant.

Division One, March 30, 1916.

JURISDICTION: Non-Resident Corporation: Service. For the reasons stated in the minority opinion of the St. Louis Court of Appeals, 175 Mo. App. 1. c. 679 et seq., in this case, the judgment is reversed, and the cause remanded, in order to give plaintiff opportunity to obtain valid service on defendant corporation.

Appeal from St. Louis City Circuit Court.—*Hon. J. Hugo Grimm*, Judge.

REVERSED.

*George W. Lubke* and *George W. Lubke, Jr.*, for appellant.

*F. A. & L. A. Wind* and *F. X. Geraghty* for respondent.

GRAVES, P. J.—This cause reached this court by a certification, under the Constitution, made by the St. Louis Court of Appeals. Two opinions were filed in that court. The majority opinion affirmed the judgment of the circuit court. The minority opinion held that the judgment should be reversed, and the writer

of the minority opinion asked for the certification of the cause here on the ground that the majority opinion conflicted with Priest v. Capitain, 236 Mo. 446, and other cases in this court. The case is fully reported in 175 Mo. App. 668. All sides of the question involved are thoroughly threshed out in these two opinions.

The question of the jurisdiction of the circuit court, and that is the vital question, is discussed from all angles in these two opinions. The dissenting opinion in my judgment follows the views of this court upon the question involved. The record facts are so thoroughly stated, and the case law so thoroughly discussed by Judge ALLEN in his dissenting opinion, that we feel that it would be a useless expenditure of vital force to try to add to them. For the reasons expressed by Judge ALLEN in his dissenting opinion (Real Estate Co. v. Catering Co., 175 Mo. App. l. c. 679 et seq.), the judgment of the circuit court is reversed. All concur.

## ON MOTION TO MODIFY JUDGMENT.

GRAVES, P. J.—We are asked to so modify our judgment in this case that the cause may be remanded. It is suggested that perhaps proper service of process can be obtained. Our judgment was a simple reversal of the judgment *nisi*. Under the views we have expressed as to the law, we do not know whether plaintiff can get a valid service of process or not, but we see no objection to a remanding of the cause to give the plaintiff such an opportunity. So, whilst adhering to all the views of the opinion, we will sustain the motion to modify our judgment, so that such judgment shall be to the effect that the judgment *nisi* is reversed and the cause remanded to the circuit court to be proceeded with in accordance with the law as declared in our opinion. Motion to modify judgment sustained and judgment modified as herein indicated. All concur.