J. FRANK DENT and GEORGE A. DENT, Appellants, v. INVESTORS SECURITY ASSOCIATION, E. H. SHOW and LEO PICARD.

Division Two, October 4, 1923.

1. **ABSTRACT:** Contradicted by Respondent's Abstract. Where appellants file an abstract which shows that certain words were contained in an order of publication, and respondents file an additional abstract in which they claim and assert that the order did not contain said words, and appellants in their reply brief make no denial of said claim and the original files are not produced, said words will not be considered a part of the order.

2. **CONSTRUCTIVE SERVICE:** Corporation: Insufficient Allegation or Affidavit. An allegation in the petition or affidavit that the "defendants are non-residents of the State of Missouri" is not sufficient to authorize an order of publication or to uphold a judgment

against a defendant corporation. The statute (Sec. 1770, R. S. 1919) requires the petition or affidavit to state that a part or all of the defendants are non-residents of the State, "or is a corporation of another state, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter," and an omission of these statutory requirements from the petition or affidavit and order constitutes a fatal defect in the attempted constructive service upon the corporation.

3. ———: **Strict Construction: Collateral Attack.** Unless there is strict compliance with the statute, a judgment rendered upon constructive service is void, and can be attacked at any time, even in a collateral proceeding. Where suit for taxes was brought against two individuals and a corporation, and the only allegation in the petition relating to non-residence was that "defendants are nonresidents of the State of Missouri," and no affidavit was filed in connection therewith, and the order of publication recited only that the defendants, naming them, "are non-residents of the State of Missouri and cannot be summoned in this action," a judgment rendered thereon against the corporation was void, and may be shown to be void in a subsequent suit to quiet title. The failure of plaintiff to allege in the petition, or in an affidavit filed therewith, that said defendant "is a corporation of another state, kingdom or country, and cannot be served in this State in the manner prescribed," etc., rendered the attempted constructive service entirely ineffectual as to said corporation.

4. **TAX SUIT: Stranger to Title: Unrecorded Deed to Defendant: Actual Knowledge.** If the purchaser at the sheriff's sale has actual notice that the defendants in the suit for delinquent taxes are the owners, the rule that the recording of a deed from one not the owner does not impart constructive notice to one purchasing from the grantor in such deed, who subsequently acquires title, does not apply; and an allegation in the petition that the defendants were the owners was actual notice to the purchaser at the tax sale that said defendants were the owners. Where the common source of title was Jerome H. Gregory, and he had conveyed to J. V. Gregory by an unrecorded deed, and J. V. Gregory had conveyed to Picard by a recorded deed, and the tax suit was brought against Jerome H. Gregory and Picard, who were alleged in the petition to be the owners, the purchaser at the sheriff's sale had actual notice of the unrecorded conveyance from Jerome H. Gregory to J. V. Gregory, and that Picard was the owner of the property. In such case Picard was not a stranger to the title, and the purchaser could not rely upon the apparent ownership of Jerome. It is only when the actual owner is not known that the suit for delinquent taxes

may be prosecuted against the last record owner—the apparent owner.

5. ———: **Unrecorded Lost Deed: Cured by Subsequent Quit-Claim: Assuming Truth of Recitals.** Where the common source of title was Jerome H. Gregory, and in 1910 J. V. Gregory, who was not a record owner, conveyed to Picard by a recorded deed, and the suit for delinquent taxes was brought in 1917 against Picard and Jerome H. Gregory, alleged in the petition to be the owners, the purchaser at the sheriff's sale was charged with actual notice that Picard was the owner; but where in fact he had no actual knowledge that Jerome H. had conveyed to J. V. Gregory, the court, in his suit to quiet title, cannot assume that recitals in a quit-claim deed from Jerome H. Gregory and wife to J. Vernon Gregory, executed after the judgment and sale and reciting that "this deed is made to supply a deed heretofore made between the same parties, which was never recorded and has become lost," are true; for Picard's record title was not complete when the tax suit was brought and judgment therein was rendered, and the grantee in the sheriff's deed is not concluded by the recitals in the subsequent quit-claim deed, either as to the fact that such prior deed had been executed and delivered, or that J. V. Gregory and J. Vernon Gregory were one and the same person.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

*G. C. Dalton* for appellants.

(1)  At the time the suit was brought to foreclose the State's lien for taxes the record owner of the land was Jerome H. Gregory and the record title was in him at the date of the rendition of the judgment and also he was the record owner up to the sale to appellants of the land under said tax judgment.  The collector did not know Jerome H. Gregory had made any deed to this land, if he did, nor did appellants know there was any outstanding unrecorded deed from Jerome H. Gregory, if there were any, at the time they purchased the land at said public sale.  The last record owner of the land

was sued out in the tax case and there has never at any time been any deed recorded which purports to have been made by the record owner of the land. Sec. 12945, R. S. 1919. A tax suit against the record owner passes good title, even though some one else holds a deed that is unrecorded at the date of the sale. White v. Lumber Co., 240 Mo. 13; Vance v. Corrigan, 78 Mo. 94; Payne v. Lott, 90 Mo. 676. (a) The plaintiffs relied upon the doctrine that the collector, in instituting a suit for taxes, is only obliged to look to the record of deeds to see who the owner of the property is, and that a judgment for taxes against the apparent owner conveys a good title to the purchaser at the tax sale, as against the true owner, whose deed is not recorded at the date of the institution of the tax sale. This doctrine has been established in this State by a long line of decisions, among which are: Vance v. Corrigan, 78 Mo. 94; Watt v. Donnell, 80 Mo. 195; Payne v. Lott, 90 Mo. 676; Evans v. Robberson, 92 Mo. 192, 1 Am. St. 701; Allen v. Ray, 96 Mo. 547; Simonson v. Dolan, 114 Mo. 176; Wier v. Lumber Co., 186 Mo. 388. (b) In other words, the statute says to the collector: Sue the owner of the property, if you know who is the owner, if not then sue the last record owner, and the title of the true owner will pass by a sale bottomed upon such suit. Rothenberger v. Garrett, 224 Mo. 191. (c) Consonant with the holding of this court consistently adhered to since the case of Vance v. Corrigan, 78 Mo. 94, the words of the statute "against the owner of the property" meant, "against the owner of the property as shown by the records," the Legislature in 1909 amended the statute so that it now reads just as this court has long construed it. It is manifest, when one reads and compares carefully the many holdings on this precise question, that the above rule of construction was established for the benefit of the collector. In the absence of other information, the collector was entitled to fasten and foreclose the lien of the State upon the land by suing him who appeared from the records to be

the true owner. Schnitger v. Rankin, 192 Mo. 35; Shuck v. Moore, 232 Mo. 649; Hilton v. Smith, 134 Mo. 499. (d) It is no longer an open question in this State that the officers in suits wherever it is sought to enforce the lien of the State for taxes, in the absence of notice to the contrary, may look to the record of deeds to see who the owner of the property is, and a purchaser under the judgment in such suits against the record owner would be protected in his purchase against the holder of an unrecorded deed from such apparent record owner. Charter Oak Land & Lumber Co. v. Bippus, 200 Mo. 688; Nolan v. Taylor, 131 Mo. 228; Hilton v. Smith, 134 Mo. 499; Vane v. Corrigan, 78 Mo. 94. · (2) The quit-claim deed from Jerome H. Gregory and wife to J. V. Gregory, not having been recorded, was, under our statutes invalid and conveyed no title to the land in controversy, so far as appellants are concerned. R. S. 1919, sec. 2200; Vance v. Corrigan, 78 Mo. 98; Graham v. Finney, 232 S. W. 132; Strong v. Whybark, 204 Mo. 341, 12 L. R. A. (N. S.) 240, 120 Am. St. 710; Haynes v. Pumphrey, 226 Mo. 119. (a) Consequently, the plaintiffs, under their purchase at the tax sale, acquired the same title they would have acquired had said quit-claim deed to J. V. Gregory never been made. This deed was made after the filing of the present suit, so was in reality not in existence at the date of the filing of the tax suit. (b) A purchaser of real estate in reliance on the record fair on its face and who is not a party to an unrecorded deed and has no actual notice of its existence acquires a good title against the world. Harris v. Moore, 199 S. W. 188. (3) At the date the tax suit was filed Jerome H. Gregory was the last record owner of the land involved herein. There is no evidence that he parted with his title prior to the tax sale. The deed which respondents offered in evidence from Jerome H. Gregory has never been recorded and it is dated after the sale for taxes and even after the filing of this suit and the mere recital in that quit-claim deed that it was made in lieu of a prior

deed is no evidence at all. It might be in lieu of a prior deed, but when was the prior deed made? Might have been made five minutes before this one offered in evidence, if made at all. In fact there is no evidence that there was any prior deed at all.

*Wm. P. Elmer* for respondents.

(1) The service by publication on the Security Investors Association, a corporation, was not good. In suits against corporations such service to be good must be based on allegations in the petition or affidavit that it is a "corporation of another state, kingdom or country and cannot be served in this State in the manner prescribed in this chapter." No allegation or affidavit was made. The allegation made did not confer jurisdiction on the court to render a valid judgment against the Investors Security Association. R. S. 1919, sec. 1196; Huiskamp v. Miller, 119 S. W. 636; Keaton v. Jorndt, 119 S. W. 631; McMenamy Co. v. Stillwell Co., 184 S. W. 468; Varmatta v. R. E. Co., 221 Mo. 373; Meimelberger Co. v. Keiver, 217 Mo. 522. (a) Inasmuch as the judgment against Investors Security Association was a nullity, the rights of holders of the note and deed of trust were not affected by the sale. Therefore the rights of this corporation or its assignee were not affected. (b) Plaintiff in this case may have the title of Leo Picard, but not the title of the mortgagee. This placed plaintiffs in Picard's shoes and they can redeem from under the mortgage. The judgment preserved this right. Fleming v. Wilson, 277 Mo. 578; Blevins v. Smith, 104 Mo. 583; Williams v. Hudson, 93 Mo. 524. (2) Sec. 12945, R. S. 1919, requires the collector to prosecute tax suits against the "owner if known," and if not known then against the "last record owner." (a) The very fact the collector prosecuted the suit against Leo Picard and Investors Security Association, shows he was proceeding against the record owners of the land as he knew them to be, though they may not have actually held a perfect legal

title. The presumption is bound to follow that the collector knew of their ownership and title from some source, as he alleged they were the "owners of the land." Stuart v. Ramsey, 196 Mo. 404. (b) Defendants were chargeable with constructive notice of everything contained and recited in the recorded deeds which lie in and constitute the chain of title which they held. Simmes v. Thompson, 236 S. W. 882; McDonald v. Quick, 139 Mo. 484; Marshall v. Hill, 246 Mo. 1. (c) This also includes notice given by recitals in petitions and court proceedings. Marshall v. Hill, 246 Mo. 1. (d) Notice means any proper evidence tending to show facts and circumstances, coming to one's knowledge that would put on inquiry a person of ordinary prudence. Stuart v. Ramsey, 196 Mo. 404; Maupin v. Emmons, 47 Mo. 304. (e) The record of the deeds, deed of trust and assignment of deed of trust and all tax proceedings were as much a part of the record in this chain of title as any other deed therein.

DAVID E. BLAIR, P. J.—Suit to quiet title to eighty acres of land in Dent County. From a judgment in favor of defendants, Investors Security Association and E. F. Shaw, plaintiffs have appealed.

An opinion was handed down at the April term, 1922, affirming the judgment of the trial court. Upon motion of appellants, a rehearing was granted and the case was again briefed and submitted at the present term.

The common source of title is Jerome H. Gregory. Appellants' evidence consisted of a sheriff's deed, dated November 27, 1917, conveying to them the land in controversy, and the testimony of J. Frank Dent to the effect that he purchased said land at the sheriff's tax sale in good faith, believing he was getting good title, and that he had paid the taxes on said land for the years 1917, 1918 and 1919. Plaintiffs also introduced in evidence a letter from the Secretary of State, John L.

Sullivan, dated March 24, 1920, advising counsel for plaintiffs that he was unable to find the Investors Security Association on the records of his department.

Defendants offered in evidence warranty deed from J. V. Gregory and wife to E. R. Coffin, dated August 11, 1910; general warranty deed from E. R. Coffin to W. G. Burris, dated January 21, 1911; warranty deed from Walter G. Burris and wife to F. B. Rogers, dated February 9, 1911; general warranty deed from F. B. Rogers and wife to F. N. Parmenter, dated November 14, 1911; general warranty deed from F. N. Parmenter, single, to Leo Picard, dated November 6, 1914; and deed of trust from Leo Picard and wife to E. W. Bennett, trustee for defendant Investors Security Association, dated September 8, 1916, to secure payment of a note of the same date for $1,000 with six per cent interest per annum, payable on September 8, 1919, to said Investors Security Association. All of the above instruments properly described the land in controversy, and were recorded in said Dent County prior to the date of the institution of the suit for taxes hereafter referred to. The considerations stated in the warranty deeds varied from $1200 to $3000, as shown by respondents' additional abstract. Defendants also offered in evidence said note for $1000, together with assignment thereof to defendant E. F. Shaw, which assignment was dated May 5, 1917, and was duly recorded.

Defendants then offered in evidence the petition in the case of State of Missouri ex rel. A. R. Stephens, Collector, etc., v. Jerome H. Gregory, Leo Picard and Investors Security Association, a corporation, filed in the office of the Clerk of the Circuit Court of Dent County on June 9, 1917. Said petition is in conventional form, asking for judgment for the state and county taxes, due on the land in controversy, for the year 1914, together with interest, amounting in all to $3.69, and praying for the sale of the land and for *fieri facias,* and alleging that the defendants were the owners of said land.

Said petition concluded as follows: "Plaintiff further states that the defendants, Jerome H. Gregory, Leo Picard, Investors Security Association, a corporation, are non-residents of the State of Missouri."

Defendants then offered in evidence the order and proof of publication in said tax suit, which need not be noticed here, further than to quote a statement in the order of publication, as shown by appellants' abstract of the record, as follows:

"Now at this day comes the plaintiff by counsel, before the undersigned, Clerk of the Circuit Court of Dent County, Missouri, in vacation, and files herein its petition and affidavit stating among other things that the defendants, Jerome H. Gregory, Leo Picard and Investors Security Association, are non-residents of the State of Missouri and cannot be summoned in this action *in this State by the ordinary process of law as provided by Article 4, Chapter 21, Revised Statutes of Missouri, 1909.*"

Respondents have filed an additional abstract, claiming that appellants' abstract is erroneous and that the order of publication does not contain the words we have italicized. Since appellants make no denial in their reply brief of the alleged error in their printed abstract and the original files are not brought before us, we must regard the italicized words as not being a part of the original order of publication.

Defendants then offered in evidence a judgment in the tax suit rendered August 18, 1917, which is in ordinary form and recites that defendants did not appear, although publication was duly made notifying them of the proceeding. The judgment was for $3.69 and costs and ordered sale of the land and special *fieri facias.*

Finally defendants offered in evidence a quit-claim deed to the land in controversy from Jerome H. Gregory and wife to J. Vernon Gregory, dated December 16, 1919, and describing the land in controversy. Said quit-claim deed contained the following recital: "This

deed is made to supply a deed heretofore made between the same parties hereto and which was never recorded and has become lost or destroyed."

The foregoing comprised all the evidence in the case. The trial court found the issues for defendants, Investors Security Association and E. F. Shaw, declaring that the deed of trust from Leo Picard to Investors Security Association, securing a note for $1000 with six per cent interest, constituted a valid lien against the lands in controversy to the extent of $1180.

I. The order of publication in the tax suit, as corrected by respondents' additional abstract, stated that plaintiffs had alleged in the petition and affidavit that defendants "are non-residents of the State of Missouri *and cannot be summoned in this action."* The italicized words were not used in the petition. If they were in an affidavit, such affidavit does not appear in the record. Respondents contend that the attempted service by publication on defendant Investors Security Association was not good because not in compliance with Section 1770, Revised Statutes 1909 (now Sec. 1196, R. S. 1919). The allegation in the petition is not sufficient to authorize publication service upon a foreign corporation. Nor is the allegation referred to in the order of publication sufficient. If said defendant was a non-resident corporation, it must be that it was organized under the laws of some other state, kingdom or country. Section 1770, Revised Statutes 1909, authorized service by publication upon such corporation only when "plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are non-residents of the State, or *is a corporation of another state, kingdom or country, and cannot be served in this State in the manner prescribed in this chapter."* The words we have italicized comprise the allegations es-

Constructive Service: Against a Corporation.

300 Mo.—36

sential to authorize publication service on a foreign corporation. [Huiskamp v. Miller, 220 Mo. 135.] "It is well settled that, where constructive service is authorized, there must be a strict compliance with the statutory requirements." [McMenamy Inv. & R. E. Co. v. Stillwell Catering Co., 184 S. W. 467. See cases cited therein.] Unless there is a strict compliance with the statute, a judgment rendered upon constructive service is void and can be attacked at any time, even in a collateral proceeding. [McMenamy Inv. & R. E. Co. v. Catering Co., supra; Kunzi v. Hickman, 243 Mo. 103.] The failure of plaintiff in the tax suit to allege in the petition or in an affidavit, filed therewith or thereafter, that defendant Investors Security Association is a corporation of another state, kingdom or country and cannot be served, etc., rendered the attempted constructive service entirely ineffectual. The allegations made were clearly not a compliance with Section 1770, Revised Statutes 1909, leaving the judgment rendered thereon void as to said corporation defendant and subject to collateral attack and said judgment does not cut off the interest of said Investors Security Association, or its assignee, in the land in controversy.

II. Appellants contend that said corporation, Picard and preceding grantors are all strangers to the title, and that the records show that Jerome H. Gregory was the owner of the land; that said

Apparent Owner:
Unrecorded Deed:
Actual Notice.

Gregory was properly served by publication in the tax suit and they purchased 'at the sheriff's sale all of his right, title and interest in the land and that they are therefore owners in fee simple. How stands the case from that angle?

Without considering the effect of the sale of the land under the judgment in the tax suit, the quit-claim deed from Jerome H. Gregory to J. Vernon Gregory and the warranty deed of J. V. Gregory to Coffin, to Burris, to Rogers, to Parmenter and then to Picard, completed the

chain of title to the land in Picard, subject to deed of trust to Bennet as trustee for Investors Security Association. All the foregoing deeds were on record in Dent County at the time the tax suit was filed, except the quit-claim deed to J. Vernon Gregory, which was executed and delivered since the judgment in the tax suit and the sale thereunder. Picard and Investors Security Association were made defendants in the tax suit and it is apparent the Collector of the Revenue had notice of the recording of the instruments conveying to said defendants their respective interests in the land and, he having made them defendants, the purchasers at the tax sale had like notice. Appellants contend that the deed from J. V. Gregory to Coffin was a "dropped in" deed and that Coffin and all subsequent grantees were strangers to the title and that suit against Jerome H. Gregory as the record owner and judgment against him and sale of his interest in the land gave appellants good title as against the respondents.

The latest grantee under the deed from J. V. Gregory to Coffin was made a party defendant in the tax suit. It was apparent to any prospective purchaser at the tax sale that Picard and Investors Security Association were the owners because the petition so alleged. Hence, appellants had actual notice of such ownership. The rule that the recording of a deed from one not the owner does not impart constructive notice to one purchasing from the grantor in such deed, who subsequently acquires title, does not apply here.

Section 11498, Revised Statutes 1909, in force at the time the tax suit was filed, provided that "all actions commenced under the provisions of this chapter shall be prosecuted in the name of the State of Missouri, at the relation and to the use of the collector, and against the owner of the property, if known, and if not known, then against the last owner of record as shown by the county or city records at the time the suit was brought." If the recital in the quit-claim deed is true, Picard was the

owner of the land within the meaning of said section. It is only *if the actual owner is not known* that suit may be prosecuted against the last owner of record, the apparent owner. Not only did the collector have knowledge of the record of Picard's deed and the deed of trust, but he alleged that the grantee in the one and the beneficiary in the other were actually owners. The purchasers at the tax sale were charged with knowledge of ownership. They, therefore, had knowledge that Picard and the Investors Security Association were not only claiming title to the land, but were actually the owners. In such case they could not rely upon the apparent ownership of Gregory. Picard being the actual owner, subject to the deed of trust, and the purchasers having knowledge of that fact, they cannot now claim title under the law authorizing the proceedings against the record or apparent owner.

This conclusion is fully supported by Stuart v. Ramsey, 196 Mo. 404. The statement of facts in that case shows that the record title was in American Real Estate & Investment Company, without any instruments on record suggesting the possibility that the title of that corporation had been conveyed. As a matter of fact, unrecorded deeds from that corporation to James Holley and from Holley to Stuart, the plaintiff, had been executed and delivered. It appeared in evidence that, prior to the tax judgment sale, one Evans had told Ramsey, one of the defendants, that Stuart, the plaintiff, claimed the land and had a deed to it which was not on record. As a witness Ramsey admitted having had such conversation. In disposing of Stuart v. Ramsey, beginning at foot of page 416, GANTT, J., said:

"That Ramsey and his joint grantee, Evans, under these circumstances, were put upon that inquiry which would have disclosed to them the fact that plaintiff was in fact the owner of the lands by duly executed conveyances, there cannot, under the lands of this State and the adjudications of this court, be any doubt whatever.

But it is also clear that Mr. Hethcock, the Collector of the Revenue, had been also notified that the plaintiff was the owner of these lands, and that the plaintiff was in correspondence with him for the purpose of ascertaining the amount of the taxes and to make provision for the payment of the same, and although he was thus advised that plaintiff was the owner and was corresponding with him about the taxes, he brought suit against the Real Estate Company for these taxes, and at no time mentioned that fact to the plaintiff, and it was equally clear that under Section 9303, it was his duty to have brought the suit against the plaintiff as the owner of the lands. It is plain to us that to permit the defendants to recover in this suit would be to deprive the plaintiff of his property without due process of law and in direct violation of the plain statutory provision requiring him to be notified as the owner of the land when the suit was brought for said taxes. He was not made a party to the suit and was not notified in any way that it was pending, and his agent, Mr. McCormick, had no notice of it until after the lands were sold, although the defendants and the collector had notice of his ownership.

"In our opinion the judgment of the circuit court upon the undisputed facts appearing in evidence should have been for the plaintiff, divesting whatever title, if any, the defendants acquired under and by virtue of their sheriff's deed, and also any title that the Sligo Furnace Company may have acquired in and to said lands."

We think the Stuart Case, together with the cases therein cited and discussed, is ample authority for the disposition of the point adversely to the contention of appellants, if Jerome H. Gregory had actually conveyed to J. V. Gregory prior to the tax suit and sheriff's sale. Here the purchasers had not only actual notice in the petition, naming Picard and Investors Security Association as defendants, that they had some probable interest in the land, which notice was ample to have put them

on inquiry concerning the actual ownership of the land, but they also are chargeable with notice of an allegation in the petition that said defendants were the actual owners. This case is therefore stronger in its essential facts than the Stuart Case.

Plaintiffs rely on White v. Lumber Co., 240 Mo. 13. The facts are quite different. There the deed was made to O. H. P. Williams and the recorder copied the grantee's name as O. N. P. Williams, through mistake. The tax suit was brought against O. N. P. Williams, and the publication ran the same way. The purchaser had no notice of the true initials of the grantee. Held, that the suit was properly brought against defendant as his name appeared of record, regardless of what his true name was, and that the purchaser at the tax sale took good title. Another case relied on by appellants is Vance v. Corrigan, 78 Mo. 94. There suit on special tax bill was brought against the record owner and the purchaser had no notice of an unrecorded deed from such record owner to the plaintiff. Appellants also cite Payne v. Lott, 90 Mo. 676, which is quite similar in its facts to the Vance Case. Neither of these cases lend any support to the appellants.

Leo Picard's *record* title was not complete when the tax suit was filed. If a deed conveying the land had actually been executed and delivered by Jerome H. Gregory to J. Vernon Gregory, at that time and prior to the sheriff's sale under the judgment in such tax suit, which deed "was never recorded and has become lost or destroyed," as recited in the quit-claim deed from Jerome H. Gregory and wife to J. Vernon Gregory, and if J. Vernon Gregory is the same person as J. V. Gregory, named as grantor in the deed to E. R. Coffin, dated August 11, 1910, then the *actual* title of Leo Picard was good. The failure to record the prior deed from Jerome H. Gregory to J. V. Gregory (or J. Vernon Gregory), if such deed was executed and delivered, and the subsequent loss or destruction of such deed affected the record title of Leo Picard,

<div style="margin-left:2em">Recitals in Quit-Claim Deed.</div>

but not his actual title. The trial court assumed the truth of the recital in the quit-claim deed, which was made subsequent to the sheriff's sale, that a deed, prior to the tax suit and the sheriff's sale had actually been executed and delivered. We think this was error. In our former opinion we fell into the same error. It needs no argument or citation of authorities to show that the grantees in the sheriff's deed are not concluded by the recital in such quit-claim deed executed subsequent to such sheriff's deed.

It will, therefore, be necessary to reverse the judgment and remand the cause to the circuit court in order that said court may determine from proper proof the truth of the facts above pointed out as having been improperly assumed by such court on the trial.

The foregoing conclusions make it unnecessary to consider appellants' objections to the declarations of law given by the trial court. The various deeds offered in evidence by respondents were properly admitted in evidence. If the recital in the quit-claim deed that Jerome H. Gregory had conveyed the land to J. Vernon Gregory (J. V. Gregory) is true, then Leo Picard was the owner of the land when the tax suit was filed and sheriff's sale had. As he was properly served by publication, the judgment was valid as to him, but was not sufficient to affect the rights of the holder of the note secured by deed of trust on the land, and appellants took the land under the sheriff's deed subject to such deed of trust.

For the reasons stated, the judgment is reversed and cause remanded for retrial. All concur.