Gregory Allin DOBBINS, by his mother and next friend, Beverly A. Dobbins, Appellant,

v.

Alice FREEMAN, Cornelius Gamble, a/k/a Carl Gamble and Corrine Gamble, Respondents.

No. 24265.

Kansas City Court of Appeals.

Missouri.

Dec. 6, 1965.

Downey, Sullivan & McCormick, Leo L. McCormick, Kansas City, for appellant.

Nolan J. Hepburn, Kansas City, for respondents.

DAVID R. CLEVENGER, Special Judge.

Plaintiff has appealed from a judgment of the Circuit Court of Jackson County, Missouri (sitting in Kansas City), denying his motion to set aside a judgment of non pros. or, in the alternative, a motion for a new trial.

The statement of facts set forth in plaintiff's brief is adopted, in the main, by the defendants.

On January 9, 1964, Gregory Allin Dobbins, by his mother and next friend, Beverly A. Dobbins, filed a petition against the defendants in the Magistrate Court of Jackson County, Missouri, claiming damages as the result of injuries received from a vicious and unwarranted attack by a dog owned or harbored by the defendants. A default judgment was entered on behalf of plaintiff on May 7, 1964, and, on the same day, defendants filed an appeal to the Circuit Court of Jackson County, Missouri, where it was then assigned to one of the divisions of the court.

As will be noted hereafter, it is our opinion that certain rules adopted by the Circuit Court of Jackson County, Missouri, in banc, which became effective on September 14, 1964, are pertinent to the issue before us, and more particularly Rule 16, relating to trial setting of cases. This rule provides:

"1. Each trial division shall set its trial docket * * * and shall give notice thereof in 'The Daily Record' and 'The Kansas City News Press' * * * list all of the cases set for trial for each week * * * which list shall contain the names of trial counsel".

Pursuant to the above "Rule 16, Trial Settings", there was published in The Daily Record a notice listing the case here before us on the non-jury docket for a trial setting on November 23, 1964. It is admitted that on the day fixed by notice, plaintiff appeared and announced ready for trial. Neither the defendants nor their counsel appeared. Later, on the same day, plaintiff's counsel did locate defendants' counsel and they met with the court in chambers. It was there agreed that the case would be set for trial on December 22, 1964. Following the meeting in the court's chambers, there was a written stipulation for trial setting prepared by respective counsel, and it was mailed to the court. This stipulation of trial setting designated the same day as was agreed upon in chambers. The record shows that the written stipulation was not shown filed until December 22, 1964.

On page four of the defendants' brief, we find the following statement:

"It is not denied that subsequent thereto a mailing was received by both counsel that the case would be called on a non-jury docket on December 28, 1964. And it is not denied that this same information appeared in The Daily Record, a legal publication used extensively for such purposes in Kansas City".

It further appears from plaintiff's statement of facts (adopted by defendants) that counsel for plaintiff, upon receiving notice by mail that the court had set the case for a date subsequent to that stipulated and agreed upon for trial, called counsel for defendants and so advised him of such notification from the court and of the trial date setting of December 28, 1964. This telephone conversation did not result in any agreement between counsel concerning any change as to the previous date of trial setting so stipulated by them, nor was any other agreement made concerning the trial date of December 28, 1964.

Plaintiff's counsel appeared at the call of the court docket on December 28, 1964, at which time he was advised by the court that judgment of non pros. had been entered against the plaintiff on December 22, 1964. The transcript of the record before us is very meager and does not disclose whether

or not the defendants appeared on December 22, 1964. It is only by reason of a statement in respondent's brief that we are advised that they did appear before the trial court on that date and that a call was made in an attempt to locate counsel for plaintiff.

The record discloses that there was timely filed on behalf of the plaintiff a motion to set aside the judgment of non pros. entered by the court on December 22, 1964, or, in the alternative, a motion for a new trial.

■ The transcript does not show that there was offered in evidence the court's notice mailed to the plaintiff's counsel, the notice in The Daily Record, or the rules of the Jackson County Circuit Court. However, the defendants did not controvert the statements in plaintiff's brief concerning these matters, nor did they deny them in the oral argument before this court. Therefore, these matters will be taken as true and considered as if in fact a part of the record. Street v. Lincoln National Life Insurance Company, Mo.App., 347 S.W.2d 455, l. c. 459. See also Dent v. Investors' Security Ass'n, 300 Mo. 552, 254 S.W. 1080.

The trial court, on January 8, 1965, overruled plaintiff's motion.

The plaintiff's contention is that the court erred in dismissing plaintiff's cause because it was an oppressive exercise of judicial discretion, contrary to substantial justice, and for the further reason that the plaintiff was denied a hearing upon the merits, contrary to substantial justice. In effect, plaintiff's position is that, upon notice being mailed to his counsel and the publication appearing in The Daily Record, setting the case for December 28, 1964, he had the right to rely upon such notices that his case had been reset by the court for December 28, 1964, and, therefore, the court had no authority to make its order dismissing his cause at a date prior to the date set for the hearing.

The defendants, by their brief, state that the action of the court was not in error,

in that the dismissing of plaintiff's cause was not an oppressive exercise of judicial discretion; that the court has inherent power and much discretion to dismiss for failure to prosecute with due diligence; and, further, that the dismissal was not a dismissal with prejudice and therefore plaintiff's cause of action was not foreclosed and he could refile his case.

We have reviewed all the cases cited by both the parties and do not take issue as to any of the rulings in any of the cases. However, these cases do not have for consideration, nor do they rule a set of facts such as we have before us, where an order of dismissal was made on a day prior to that set by the court's notice.

The result of considerable research fails to disclose any case law in this state as to the point which we think controls the issues before us, and, therefore, this case may well be one of first impression.

It is our opinion that there is presented to us a single issue. Did the trial court, after giving notice by mail to counsel for plaintiff that the case was set for December 28, 1964, and by listing the case in The Daily Record, confirming the trial date of December 28, 1964, have the right or authority to enter a judgment dismissing plaintiff's cause of action, prior to the date set by notice and publication? We think not. Are we to say that a court will not be bound by its own notice? The answer is most obvious. If the court is to demand the adherence by others to its notices and orders, then, it must be the first to abide by them.

■ The courts have the right to and do control their dockets, and they are not bound by any written stipulations entered into by counsel as to trial settings. However, we are of the opinion that the court, after having given its notice of a trial date, was bound by its notice and did not have the authority to order a dismissal of plaintiff's case at a date prior to the date given by its notice. To rule otherwise

would strike down the validity of any notice or order of a court and would create a complete state of confusion in the conduct of the affairs of our courts.

It is our judgment that, *absent any rules of the Circuit Court of Jackson County,* the action of the trial court, in dismissing this case on a date prior to that of its notice for trial setting, was not only improper, but was manifestly an injudicious act on the part of the court and should not be permitted to stand.

We are also of the opinion that the action of the trial court, in refusing to set aside its order dismissing plaintiff's petition, was in error for an additonal reason. The law is that, to convict a trial court of an abuse of its juducial discretion, or of having acted arbitrarily in refusing to set aside a judgment by default, the party seeking such order must show (1) that his failure not to appear was for good cause and not by reason of negligence, and (2) that he has a meritorious cause of action. It is our opinion that by reason of the court's notice, setting the case for December 28, 1964, the plaintiff had the right to rely on such notice and had a valid reason for not appearing at an earlier date and, therefore, was not negligent. Plaintiff complied with the first requirement imposed upon him by the law. We find that plaintiff was not required to meet the second proposition because that issue is not raised by the defendants. Even if defendants had raised this issue, it is our opinion that plaintiff did meet the second test, since he was successful in obtaining a judgment against the defendants (even though by default) in the magistrate court and, therefore, had a meritorious cause of action. In view of these facts, it clearly appears that the trial court abused its judicial discretion by dismissing plaintiff's petition. See Levee District No. 4 of

Dunklin County v. Small, Mo.App., 281 S.W.2d 614, 1. c. 617; Parks v. Coyne, 156 Mo.App. 379, 137 S.W. 335, 1. c. 339; Hall v. McConey, 152 Mo.App. 1, 132 S.W. 618; Tucker v. St. Louis Life Insurance Co., 63 Mo. 588.

The defendants cited, in support of their position, the case of Bindley v. Metropolitan Life Insurance Company, Mo.Sup., 335 S.W.2d 64. This case is readily distinguishable from the case at bar, for the facts there show more than two and one-half years elapsed before plaintiff took any step to reinstate her case, and the court very properly held that the plaintiff had not been diligent in the prosecution of her case. In the case before us, the plaintiff, on the seventh day following the court's order dismissing his case, filed his motion to set aside the order. The plaintiff was not negligent, but to the contrary, most diligent at all times in prosecuting his action.

In view of the finding here made, we deem it unnecessary to rule any of the other issues presented.

Considering the facts before us, we must and do rule that the judgment of the trial court, made and entered in this case on December 22, 1964, dismissing plaintiff's cause of action, was improper and without authority and the same should be set aside, and this case reinstated. Therefore, the judgment of this court is that the cause be remanded, with directions to the circuit court to set aside its order made dismissing plaintiff's cause of action, and that it be further ordered to reinstate the case on the docket.

CROSS, P. J., and HOWARD, J., concur.

BLAIR, J., not participating.